STATE OF NEBRASKA, APPELLEE, V.
DARREN MCCRACKEN, APPELLANT.
615 N.W. 2d 882

Filed March 24, 2000.   No. S-97-944.

The above-captioned matter was argued before this court on October 5, 1998. The argument predominately concerned two issues, which issues this court ordered the parties to brief: (1) whether the trial court properly ordered appellant Darren McCracken's original direct appeal reinstated and (2) whether McCracken properly raised assignments of error related to his original direct appeal when the notice of appeal is from the district court's order granting postconviction relief.

For the reasons stated herein, we conclude that the district court properly granted McCracken a new direct appeal. The fact that his notice of appeal is from the grant of postconviction relief does not deprive this court of jurisdiction of the instant appeal.

This case, however, presents the next question in the analysis: After such an appeal is granted, how should an appellant proceed in this court?

We have consistently held that

> [w]here the evidence establishes a denial or infringement of the right to counsel which occurred only at the appeal stage of the former criminal proceedings, the District Court has jurisdiction and power, in a post conviction proceeding, to grant a new direct appeal without granting a new trial or setting aside the original conviction and sentence.

*State v. Blunt*, 197 Neb. 82, 92-93, 246 N.W.2d 727, 734 (1976). At the same time, we have also stated that when a district court reinstates a direct appeal, "the postconviction record is necessarily before the court as a prerequisite to this court's jurisdiction." *State v. Jones*, 241 Neb. 740, 745, 491 N.W.2d 30, 33 (1992). The question remains, and is presented in this case, as to how a "reinstated direct appeal" should proceed in this court once it has been granted as postconviction relief by the district court. Aware that this court has never delineated exactly how an appellant is to proceed when a district court grants a new direct appeal as postconviction relief, we attempt to provide some guidance herein for future cases.

The confusion in cases such as this results from language in *State v. Blunt, supra,* and its progeny, which indicates that district courts may properly "reinstate" a defendant's direct appeal when the court finds that a defendant was prejudiced by ineffective appellate counsel in her or his prior criminal proceedings. Under *State v. Blunt, supra,* we conclude that a district court should more properly grant a "new direct appeal," rather than reinstate a past one. Thus, a defendant obtaining such relief could then appeal from his or her original conviction and sentence based on the grant of such postconviction relief. The record before this court would then necessarily contain the same record as if the "new direct appeal" were the original direct appeal, in addition to some indication that the defendant was awarded postconviction relief of a new direct appeal, and the jurisdictional time limits for the "new" appeal would run from the day postconviction relief was granted. Such a procedure would allow this court to properly exercise jurisdiction over the new direct appeal, while still allowing district courts to grant proper relief when the defects in the prior proceedings occurred only at the appellate level.

THE COURT, ON ITS OWN MOTION, HEREBY ORDERS that the State of Nebraska, the appellee, shall have 30 days from the date of this order to respond to the appellant's original brief filed in case No. S-97-944, and the appellant shall have 14 days after the filing of the appellee's brief to reply thereto in accordance with Neb. Ct. R. of Prac. 9A(3) (rev. 1997). The matter shall then be advanced for oral argument on the merits.

DATED: February 3, 2000.

BY THE COURT

/s/ John V. Hendry
John V. Hendry, Chief Justice