STATE OF NEBRASKA, APPELLEE,
v. HAROLD JAY TROTTER, APPELLANT.

609 N.W.2d 33

Filed April 14, 2000.   No. S-98-1229.

Steven E. Achelpohl for appellant.

Don Stenberg, Attorney General, and Barry Waid for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

Miller-Lerman, J.

## NATURE OF CASE

Harold Jay Trotter appeals the order of the district court for Otoe County which, after an evidentiary hearing, denied his motion for postconviction relief. For the reasons recited below, we reverse, and remand with directions to the district court to enter an order granting Trotter a new direct appeal.

## STATEMENT OF FACTS

On October 29, 1997, following trial in the district court for Otoe County, a jury found Trotter guilty of child abuse resulting in death (count I), manslaughter (count II), and child abuse resulting in serious bodily injury (count III). On December 15, Trotter was sentenced to imprisonment for a term of 25 years to life on count I, 20 years on count II (to run concurrently with the sentence imposed on count I), and 5 to 12 years on count III (to run consecutively to the sentences imposed on counts I and II).

Following his sentencing, Trotter advised his trial counsel (Attorney I) that he wished to file a direct appeal from his convictions and sentences, but that he was indigent. In order to proceed with the appeal, on December 15, 1997, Attorney I presented Trotter with a "Financial Affidavit and Order Appointing Counsel," which Trotter executed. Attorney I then attached the financial affidavit to a "Motion to Proceed in Forma Pauperis and Motion for Appointment of Counsel." This combined motion was filed with the trial court on December 29. On this same date, Attorney I also filed a motion to withdraw as counsel for Trotter.

The trial court granted the motion to proceed in forma pauperis as well as Attorney I's motion to withdraw on December 29, 1997, and substitute counsel (Attorney II) was appointed to represent Trotter. On January 12, 1998, Attorney II filed a notice of appeal on behalf of Trotter, appealing the convictions and his sentences, the latter of which were entered December 15, 1997.

On March 30, 1998, the Nebraska Court of Appeals, relying on *State v. Schmailzl*, 248 Neb. 314, 534 N.W.2d 743 (1995), dismissed Trotter's direct appeal, due to the lack of a proper poverty affidavit in lieu of the statutory docket fee.

On June 4, 1998, Trotter, through Attorney II, filed a motion for postconviction relief pursuant to the Nebraska

Postconviction Act, Neb. Rev. Stat. § 29-3001 et seq. (Reissue 1995), together with another motion to proceed in forma pauperis and a supporting poverty affidavit. The basis for the postconviction case was ineffectiveness of counsel based on Attorney I's failure to perfect Trotter's appeal. An evidentiary hearing on the motion for postconviction relief was held on August 5 and continued on September 2. Postconviction relief was denied on October 26. It is the denial of postconviction relief from which Trotter appeals in the instant case.

At the hearing on postconviction relief, Attorney I testified in person, and Trotter testified by way of deposition. According to Attorney I's testimony, Trotter advised Attorney I that he wanted to appeal from his convictions and sentences, and Attorney I advised Trotter of the steps which needed to be completed in order to perfect the appeal. According to Attorney I's testimony, due to Trotter's indigency, those steps included completing a poverty affidavit. Attorney I testified that he obtained a form from the district court clerk's office to use as Trotter's poverty affidavit because Trotter was available at the time and could readily execute the document. Attorney I testified that because Trotter was soon to be transferred to the penitentiary, he used the poverty affidavit form he obtained from the district court clerk's office instead of preparing an affidavit at his office, as was his custom. It was this district court form that was later found to be deficient by the Court of Appeals.

In his deposition, Trotter testified that he advised Attorney I that he wanted to appeal and that he executed the poverty affidavit submitted to him by Attorney I. Trotter further stated that he was relying upon Attorney I's advice in connection with filing the appeal.

The State offered no evidence to contradict the testimony of Attorney I or Trotter with regard to Trotter's desire to file an appeal, or the actions taken by Attorney I in connection therewith. Instead, the State sought to prove that Trotter was not indigent at the time he filed his direct appeal.

In an order dated October 26, 1998, the district court denied Trotter's motion for postconviction relief. The district court relied on a two-part test derived from *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674

(1984). *Strickland* held generally that in order to establish that a defendant was denied effective assistance of counsel, the defendant must demonstrate that counsel's performance was deficient and that the defendant was prejudiced thereby. The district court ruled that, assuming, arguendo, that Attorney I was deficient in failing to perfect Trotter's appeal, Trotter had not demonstrated in his postconviction action that Attorney I's deficient representation prejudiced Trotter in some manner. Because Trotter had failed in his postconviction motion to specify issues which he would have pursued in a direct appeal and failed to prove the strength of his potential appeal at the postconviction hearing, the district court concluded that Trotter had failed to show a reasonable probability that absent Attorney I's deficient performance, the result of the appeal proceedings would have been different. The district court further ruled, as a matter of law, that the relief Trotter was seeking in his motion for postconviction relief, namely the reinstatement of his direct appeal, was not the type of relief which could be afforded by a trial court under the Nebraska Postconviction Act.

Attorney II filed this appeal. While the present appeal was pending, Attorney II withdrew as Trotter's counsel, and substitute counsel, Attorney III, has undertaken the representation of Trotter in the case.

## ASSIGNMENTS OF ERROR

On appeal, Trotter has assigned eight errors, which combine to form two assignments of error. Trotter claims, restated, that the district court erred (1) in failing to presume prejudice where counsel's performance was deficient and in failing to find that counsel's failure to perfect Trotter's direct appeal amounted to ineffective assistance of counsel, in violation of the 6th Amendment to the U.S. Constitution, made applicable to the states through the 14th Amendment, and in violation of Neb. Const. art. I, § 11, and (2) in ruling that it did not possess the authority to grant Trotter the postconviction relief he sought.

## STANDARDS OF REVIEW

A defendant requesting postconviction relief must establish the basis for such relief, and the factual findings of the dis-

trict court will not be disturbed unless they are clearly erroneous. *State v. Cook*, 257 Neb. 693, 601 N.W.2d 501 (1999); *State v. Ryan*, 257 Neb. 635, 601 N.W.2d 473 (1999); *State v. Smith*, 256 Neb. 705, 592 N.W.2d 143 (1999). A defendant moving for postconviction relief must allege facts which, if proved, constitute a denial or violation of his or her rights under the state or federal Constitutions. *State v. Cook, supra*; *State v. Ryan, supra*; *State v. Smith, supra*.

■ When an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent, correct conclusion irrespective of the determination made by the court below. *Nelson v. Lusterstone Surfacing Co.*, 258 Neb. 678, 605 N.W.2d 136 (2000).

## ANALYSIS

*Nebraska Postconviction Act.*

■ The Nebraska Postconviction Act is available to a defendant to show that his or her conviction was obtained in violation of his or her constitutional rights. § 29-3001. Trotter's claims that he was denied his constitutional rights to effective assistance of counsel, therefore, are properly raised on a postconviction motion.

■ This court has previously held that where a defendant directs his or her counsel to file an appeal and the defendant is denied his or her right to an appeal because counsel fails to perfect an appeal, the proper vehicle for the defendant to seek relief is through the Nebraska Postconviction Act. *State v. Johnson*, 243 Neb. 758, 502 N.W.2d 477 (1993); *State v. Carter*, 236 Neb. 656, 463 N.W.2d 332 (1990); *State v. Halsey*, 195 Neb. 432, 238 N.W.2d 249 (1976). In *Halsey*, we stated that "[a] defendant must show, by a preponderance of the evidence, that he was denied his right to appeal due to the negligence or incompetence of counsel, and through no fault of his own." 195 Neb. at 433-34, 238 N.W.2d at 250.

■ It is fundamental to a claim of ineffective assistance of counsel based on failure to appeal or failure to properly perfect an appeal, that the defendant directed that such appeal be filed. The record in this case establishes that Trotter was advised about his appellate rights and directed his counsel to file an

appeal, but that the appeal was not perfected. Accordingly, Trotter may seek relief under the Nebraska Postconviction Act.

*Ineffective Assistance of Counsel:*
*Application of* United States v. Cronic.

Trotter asserts, summarized and restated, that he was denied effective assistance of counsel by virtue of Attorney I's failure to perfect his appeal and that the district court erred in requiring Trotter to demonstrate that he was prejudiced by the lack of an appeal. Trotter argues that the district court erred when it relied on the two-pronged standard enunciated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), rather than relying on the companion case to *Strickland*, *United States v. Cronic*, 466 U.S. 648, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984), the latter of which held that certain deficient conduct by counsel will be presumed prejudicial to the defendant, thus resulting automatically in the conclusion that counsel was ineffective.

Pursuant to *Cronic*, under certain specified circumstances, prejudice to the accused is to be presumed. The text of *Cronic* lists the following three circumstances in which prejudice will be presumed: (1) where the accused is completely denied counsel at a critical stage of the proceedings, (2) where counsel fails to subject the prosecution's case to meaningful adversarial testing, and (3) where the surrounding circumstances may justify a presumption of ineffectiveness without inquiry into counsel's actual performance at trial. According to footnote 28 in *Cronic*, it appears that prejudice will also be presumed where there is an actual conflict of interest among multiple defendants jointly represented by the same counsel. For the reasons recited below, we conclude that counsel's failure to perfect the appeal was deficient performance, that prejudice to Trotter should be presumed under *Cronic*, that Trotter was denied effective counsel, and that the district court erred in denying Trotter postconviction relief.

■ It has long been recognized that a criminal defendant's right to effective assistance of counsel is one of the foundations upon which our criminal justice system is built.

An accused's right to be represented by counsel is a fundamental component of our criminal justice system.

[Lawyers are] essential because they are the means through which the other rights of the person on trial are secured. . . . "Of all the rights that an accused person has, the right to be represented by counsel is by far the most pervasive for it affects his ability to assert any other rights he may have." [Quoting Schaefer, Federalism and State Criminal Procedure, 70 Harv. L. Rev. 1 (1956).]

The special value of the right to the assistance of counsel explains why "[i]t has long been recognized that the right to counsel is the right to the effective assistance of counsel." *McMann v. Richardson*, 397 U. S. 759, 771, n. 14 (1970).

*United States v. Cronic*, 466 U.S. at 653-54. In *Evitts v. Lucey*, 469 U.S. 387, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985), the U.S. Supreme Court noted that a defendant's right of appeal also comprehends the right to effective assistance of appellate counsel.

This court has recognized that the *Strickland* analysis is ordinarily applicable to postconviction claims of ineffectiveness of counsel but that in certain circumstances where the reliability of the adversarial process is in doubt, prejudice to the defendant will be presumed, resulting in a conclusion of ineffectiveness of counsel. See *United States v. Cronic*, 466 U.S. 648, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984). In *State v. Nielsen*, 243 Neb. 202, 498 N.W.2d 527 (1993), we repeated the often-cited two-pronged test derived from *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), ordinarily applied for determining the effectiveness of counsel in a post-conviction case. In *Nielsen*, we stated:

Under *Strickland*, a defendant must show that his trial counsel's performance was deficient and that the deficient performance prejudiced the defendant's defense in such a way that the defendant was denied a fair trial, that is, that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

243 Neb. at 212, 498 N.W.2d at 536. In *Nielsen*, citing to *United States v. Cronic, supra*, we acknowledged that although counsel is presumed to be competent, there are instances which are so inherently prejudicial to an accused that prejudice and, thus,

ineffective assistance of counsel, are presumed. See, also, *State v. Williams*, 224 Neb. 114, 396 N.W.2d 114 (1986) (observing that U.S. Supreme Court has uniformly found constitutional error without any showing of prejudice when counsel was either totally absent or prevented from assisting accused during critical stage of proceeding).

▮ Thus, this court has recognized in prior cases that under certain circumstances, the nature of counsel's deficient conduct in the context of the prior proceedings can lead to a presumption of prejudice, negating the defendant's need to offer evidence of actual prejudice in a postconviction case.

Due to the instruction in *Cronic* that prejudice may be presumed " 'only when surrounding circumstances justify a presumption of ineffectiveness[,]' . . . courts have been appropriately cautious in presuming prejudice." *McGurk v. Stenberg*, 163 F.3d 470, 473 (8th Cir. 1998) (quoting *United States v. Cronic, supra*). See, also, *State v. Hunt*, 254 Neb. 865, 580 N.W.2d 110 (1998); *State v. Nielsen, supra*; *State v. McGurk*, 3 Neb. App. 778, 532 N.W.2d 354 (1995). Courts have been willing, however, to extend the presumed prejudice standard where counsel has failed to file or to properly perfect a criminal defendant's appeal.

A review of federal and state jurisprudence shows that numerous courts, in habeas corpus and postconviction proceedings, have concluded that when appellate counsel fails to file or to perfect a criminal appeal, after having agreed to file an appeal or having been requested to do so by his or her client, criminal defendants have not been required to demonstrate actual prejudice arising from such failure, and such failure is deemed to be ineffective assistance of counsel. See, e.g., *Restrepo v. Kelly*, 178 F.3d 634, 641 (2d Cir. 1999) (habeas corpus proceeding) ("if there has been a denial of the constitutional right to counsel on appeal, and not merely a flaw in counsel's performance, the defect is not subject to the cause-and-prejudice test established by *Strickland v. Washington*, because prejudice resulting from the denial of counsel is to be presumed"); *Jones v. Cowley*, 28 F.3d 1067 (10th Cir. 1994) (habeas) (failure to perfect appeal constitutes violation of defendant's right to effective counsel on appeal, satisfying cause and prejudice standard); *U.S. v. Peak*,

992 F.2d 39, 42 (4th Cir. 1993) (habeas) ("a criminal defense attorney's failure to file a notice of appeal when requested by his client deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success"); *Bonneau v. U.S.*, 961 F.2d 17, 23 (1st Cir. 1992) (postconviction) (appellate counsel's failure to perfect appeal created "no doubt that appellant here was deprived of his constitutional right to appeal because of the dereliction of counsel [and appellant] does not have to show that there are meritorious issues to be appealed"); *Beasley v. State*, 126 Idaho 356, 362, 883 P.2d 714, 720 (Idaho App. 1994) (postconviction) (appellate counsel's failure to file appeal as requested is "itself sufficient prejudice to support a claim of ineffective assistance of counsel [and] prejudice is presumed from this deficient performance"); *Collins v. State*, 887 S.W.2d 442, 444 (Mo. App. 1994) (postconviction) ("[i]f a defendant directs the filing of an appeal, the failure of the attorney to do so is *ipso facto* counsel ineffectiveness. Prejudice is presumed; no showing of prejudice is necessary"). See, also, *Abels v. Kaiser*, 913 F.2d 821 (10th Cir. 1990); *Estes v. U.S.*, 883 F.2d 645 (8th Cir. 1989).

Recently, the U.S. Supreme Court discussed the standards in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and *United States v. Cronic,* 466 U.S. 648, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984), and the question of presumed prejudice when addressing the issue of whether counsel is ineffective for not filing a notice of appeal where the record did not clearly show that a defendant conveyed a desire to appeal after entering a guilty plea. *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000). Although not specifically addressing the issue present in the instant appeal in which Trotter expressed a desire to appeal after trial, conviction, and sentencing, in *Roe v. Flores-Ortega*, the Court recognized:

> We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. See *Rodriquez v. United States*, 395 U.S. 327 (1969); cf. *Peguero v. United States*, 526

U.S. 23, 28 (1999) ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit"). This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes.

*Roe v. Flores-Ortega*, 528 U.S. at 477.

The rationale offered in the opinions of the U.S. Supreme Court and the federal and state courts noted above is sound. It has been said that when counsel fails to file or perfect an appeal as requested, the defendant has been deprived, "not of effective assistance of counsel, but of *any* assistance of counsel on appeal." (Emphasis in original.) *Castellanos v. U.S.*, 26 F.3d 717, 718 (7th Cir. 1994) (approved in *Roe v. Flores-Ortega, supra*). It has been observed that an attorney's failure to perfect an appeal "essentially waive[s] [the defendant's] opportunity to make a case on the merits; in this sense it is difficult to distinguish [the defendant's] situation from that of someone who had no counsel at all." *Evitts v. Lucey*, 469 U.S. 387, 395 n.6, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985). Indeed, in *Roe v. Flores-Ortega*, the Court noted that where counsel fails to perfect an appeal, the deficient performance leads "not to a judicial proceeding of disputed reliability, but rather to the forfeiture of a proceeding itself [and] that deficiency deprived [the defendant] of the appellate proceeding altogether." 528 U.S. at 483. Under these circumstances, the defendant need not demonstrate prejudice resulting from the absence of an appeal. *Rodriquez v. United States*, 395 U.S. 327, 89 S. Ct. 1715, 23 L. Ed. 2d 340 (1969).

We find the cases presuming prejudice and their rationale to be persuasive. Accordingly, we hold that after a trial, conviction, and sentencing, if counsel deficiently fails to file or perfect an appeal after being so directed by the criminal defendant, prejudice will be presumed and counsel will be deemed ineffective, thus entitling the defendant to postconviction relief.

In the instant case, after a jury trial at which Trotter was found guilty of multiple crimes and sentenced, Trotter, after being advised of his appellate rights, advised his counsel that he wanted an appeal filed. At the evidentiary hearing on Trotter's postconviction motion, Attorney I admitted that Trotter had asked him to file an appeal and also to prepare the necessary poverty affidavit because Trotter asserted he was indigent. Attorney I acknowledged that he provided the poverty affidavit for Trotter's signature that was later found to be defective by the Court of Appeals, leading to the dismissal of Trotter's direct appeal on jurisdictional grounds. See *State v. Schmailzl*, 248 Neb. 314, 534 N.W.2d 743 (1995) (holding that appellate court obtains jurisdiction of criminal appeal only upon filing of notice of appeal and proper poverty affidavit in lieu of statutory docket fee, which affidavit must follow language contained in Neb. Rev. Stat. § 29-2306 (Cum. Supp. 1994); jurisdiction does not vest with appellate court where poverty affidavit fails to comply with language in statute). Under these facts, there can be no doubt that Attorney I's performance in failing to perfect Trotter's appeal was deficient and that such conduct was the cause of Trotter's appeal being dismissed, denying Trotter his direct appeal. Under the facts and applying our analysis outlined above, the failure to perfect Trotter's appeal was presumptively prejudicial to Trotter. Accordingly, we conclude as a matter of law, that Trotter was denied his constitutional right to effective assistance of counsel and was entitled to postconviction relief. We reverse the district court's denial of Trotter's motion for postconviction relief.

*Relief of New Direct Appeal.*

Having determined that Trotter was denied effective assistance of counsel and that Trotter is entitled to postconviction relief, we now address the relief which may be afforded him in this postconviction proceeding. Trotter asked the district court to reinstate his direct appeal. In its order of October 26, 1998, the district court determined that such relief was not available in a postconviction action.

In *State v. Blunt*, 197 Neb. 82, 92-93, 246 N.W.2d 727, 734 (1976), we held that if the evidence establishes that a

defendant has been denied the right to counsel "only at the appeal stage of the former criminal proceedings," the trial court "has jurisdiction and power, in a post conviction proceeding, to grant a new direct appeal without granting a new trial or setting aside the original conviction and sentence." Consistent with *State v. Blunt, supra,* we recently outlined the procedure to be followed by the trial courts in our published order entered in *State v. McCracken,* 259 Neb. 1049, 615 N.W.2d 882 (2000), wherein we directed the trial court to grant a new direct appeal, rather than reinstating a past appeal, where a criminal defendant whose previous appeal was dismissed is successful in obtaining postconviction relief. In the *McCracken* order to which reference is made, we indicated that the proper relief is a new direct appeal. The jurisdictional time limits for the new direct appeal run from the day postconviction relief is entered in the trial court, such appeal being conditioned on proper perfection. The record would necessarily contain the same record as the original appeal would have contained, with some indication that the defendant was awarded postconviction relief of a new direct appeal. In the instant case, the district court's ruling that relief was unavailable was error. Accordingly, having concluded that Trotter is entitled to postconviction relief, we remand this cause to the district court with directions to enter an order, inter alia, granting Trotter a new direct appeal in which the procedures to be followed are those outlined above derived from the *McCracken* order.

## CONCLUSION

In this postconviction action, we conclude that Attorney I's failure to perfect Trotter's direct appeal from a jury verdict, after being requested to appeal by Trotter, was deficient and that prejudice under such circumstances will be presumed. The district court's ruling that prejudice was required to be established by Trotter was error. Trotter is entitled to postconviction relief. We further conclude that the district court erred, as a matter of law, when it ruled that it did not have the authority in a postconviction proceeding to grant Trotter relief consisting of a new direct appeal. We reverse the district court's order denying postconviction relief and remand the cause with directions to the district

court to grant Trotter's motion for postconviction relief and to enter an order granting Trotter a new direct appeal.

REVERSED AND REMANDED WITH DIRECTIONS.