IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. HELDT

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

KEVIN C. HELDT, APPELLANT.

Filed March 21, 2017.    No. A-16-505.

Appeal from the District Court for Madison County: MARK A. JOHNSON, Judge. Affirmed.

Jeffrey L. Hrouda for appellant.

Douglas J. Peterson, Attorney General, and, on brief, George R. Love for appellee.

MOORE, Chief Judge, and INBODY and RIEDMANN, Judges.

MOORE, Chief Judge.

INTRODUCTION

Kevin C. Heldt appeals an order of the district court for Madison County denying his motion for postconviction relief. The motion alleged that Heldt's trial counsel was ineffective by failing to file a direct appeal of Heldt's conviction and sentence. Following an evidentiary hearing, the district court found that Heldt failed to demonstrate that he ever requested trial counsel to file an appeal, despite being advised of his right to do so by his counsel. Finding no clear error in this determination, we affirm the district court's order denying postconviction relief.

BACKGROUND

CONVICTION AND SENTENCING

On June 26, 2013, an Information was filed against Heldt in the district court for Madison County, charging him with (1) kidnapping, a Class IA felony; (2) violation of a protection order,

second offense, a Class IV felony; (3) terroristic threats, a Class IV felony during the period at issue; and (4) strangulation, a Class IV felony during the period at issue. An attorney, Ronald Temple, was appointed to represent Heldt. Temple provided legal assistance to Heldt throughout the entire criminal proceeding. Heldt entered a plea of not guilty to these charges.

Heldt subsequently entered into a plea agreement with the State, whereby the State agreed to amend its pleading to a single charge of criminal attempted kidnapping, a Class II Felony. In exchange, Heldt agreed to plead guilty to the amended charge and the parties would jointly recommend a sentence of 50 to 50 years' incarceration. On February 7, 2014, Heldt entered his plea of guilty to the amended charge, the court considered the plea agreement, and the court convicted Heldt of criminal attempted kidnapping.

Following a sentencing hearing on April 21, 2014, the district sentenced Heldt on April 22, to a term of not less than 50 years nor more than 50 years' incarceration, following the recommendation of the parties.

No notice of appeal was filed within 30 days of the sentencing order, as required by Neb. Rev. Stat. § 25-1912(1) (Reissue 2008).

## MOTION FOR POSTCONVICTION RELIEF

On October 1, 2015, Heldt filed a motion for postconviction relief, in which he alleged that Temple was ineffective for failing to perfect a direct appeal as requested by Heldt. Heldt alleged that he had a legal aid prepare a letter to be sent to Temple, requesting him to prosecute an appeal. The State agreed to an evidentiary hearing to resolve the claim.

## EVIDENTIARY HEARING

On April 15, 2016, an evidentiary hearing was held before the district court. Heldt was the only witness to testify at this hearing. The court received into evidence the letter sent from Temple to the State accepting the plea offer, establishing the plea agreement; a letter sent from Temple to Heldt discussing the option to appeal; and a deposition of Temple.

Heldt testified that the letter accepting the plea offer properly represented the plea agreement, and acknowledged accepting the offer. Heldt stated that there was a conversation between himself and Temple directly after the sentencing hearing concluded on April 21, 2014. According to Heldt, Temple informed Heldt of his right to appeal and that he would be receiving a letter from Temple within the next couple of days. Heldt testified that Temple stated it more or less would not be worth their time to pursue an appeal due to the plea agreement. Temple in turn did not recall mentioning an appeal during this discussion with Heldt. However, Temple testified that there was essentially nothing more that could have been done, based on the conviction being a "plea-based conviction for which the defendant jointly recommended a sentence and received that sentence."

Heldt acknowledged receiving a letter from Temple 4 or 5 days after sentencing. Temple's letter is dated April 22, 2014. The letter included the following statements regarding a right to appeal:

> Please know that you have a statutory and constitutional right to appeal the sentence of Judge Johnson. Obviously, it is plea-based. As such, I do not recommend an Appeal.

You will have, assuming you do wish to appeal, until May 16, 2014, within which to get an Appeal on file with the Clerk of the District Court of Madison County. I am going to assume that you do not wish to appeal unless I hear from you by May 2, 2014.

If you have any questions, please feel free to write me and I will do my best to assist you.

Heldt testified that he understood the letter, and that he did not call, write, or otherwise attempt to contact Temple after receiving the letter. Heldt testified that "when I got this letter here, it says here he didn't recommend it at all, so I didn't think nothing of it at the time." Heldt testified that he did not receive any other communication from Temple following this letter. Temple similarly did not recall any further communication with Heldt following the letter. No direct appeal was filed.

ORDER OF DISTRICT COURT

On April 20, 2015, the district court entered an order denying the motion for postconviction relief. The court stated:

In this matter, [Heldt] has failed to meet his required burden of proof to demonstrate, factually, that he ever requested that trial counsel file an appeal on [Heldt's] behalf. Evidence, to the contrary, clearly demonstrates that [Heldt] was advised of his appeal rights in person and by correspondence [from trial counsel] and yet no request was made of trial counsel to file an appeal by [Heldt]."

Heldt subsequently perfected this appeal.

ASSIGNMENTS OF ERROR

Heldt assigns, combined and restated, that the district court erred in (1) failing to find his trial counsel ineffective based upon his recommendation to Heldt not to appeal, thereby negating Heldt's absolute right to a direct appeal, and (2) failing to utilize the proper legal standard for reviewing Heldt's motion for postconviction relief, which presumes prejudice under the circumstances at issue.

STANDARD OF REVIEW

In an evidentiary hearing, as a bench trial provided by Neb. Rev. Stat. § 29-3001 et seq. (Reissue 2008 & Cum. Supp. 2014) for postconviction relief, the trial judge, as the trier of fact, resolves conflicts in evidence and questions of fact, including witness credibility and weight to be given a witness' testimony. In an appeal involving such a proceeding for postconviction relief, the trial court's findings will be upheld unless such findings are clearly erroneous. *State v. Armstrong*, 290 Neb. 991, 863 N.W.2d 449 (2015). In contrast, the appellate court independently resolves questions of law. *Id*.

A claim that defense counsel provided ineffective assistance presents a mixed question of law and fact. Determinations regarding whether counsel was deficient and whether the defendant was prejudiced are questions of law that an appellate court reviews independently of the lower

court's decision. The court reviews factual findings for clear error. *State v. Vanderpool*, 286 Neb. 111, 835 N.W.2d 52 (2013).

## ANALYSIS

Heldt claims that his trial counsel was ineffective because of his recommendation not to appeal. Heldt argues this recommendation clearly discouraged him from exercising his absolute right to appeal, and thus rose to the level of ineffective assistance of counsel. Heldt also claims that the trial court erred in failing to presume prejudice as a result of trial counsel's failure to file a direct appeal.

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that counsel's performance was deficient and that this deficient performance actually prejudiced his or her defense. *State v. Ortega*, 290 Neb. 172, 859 N.W.2d 305 (2015). To show deficient performance, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law in the area. *State v. Rocha*, 286 Neb. 256, 836 N.W.2d 774 (2013). To show prejudice, the defendant must demonstrate reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *State v. Vanderpool*, 286 Neb. 111, 835 N.W.2d 52 (2013). A reasonable probability does not require that it be more likely than not that the deficient performance altered the outcome of the case; rather, the defendant must show a probability sufficient to undermine confidence in the outcome. *Armstrong, supra*.

It is fundamental to a claim of ineffective assistance of counsel based on failure to appeal or failure to properly perfect an appeal, that the defendant directed that such appeal be filed. *State v. Trotter*, 259 Neb. 212, 609 N.W.2d 33 (2000). After a trial, conviction, and sentencing, if counsel deficiently fails to file or perfect an appeal *after being so directed* by the criminal defendant, prejudice will be presumed and counsel will be deemed ineffective, thus entitling the defendant to postconviction relief. *Id.* (Emphasis supplied.) See, also, *State v. Meers*, 267 Neb. 27, 30, 671 N.W.2d 234, 237 (2003); *State v. Jim*, 275 Neb. 481, 489-490, 747 N.W.2d 410, 417 (2008).

Upon our review, we find no clear error in the district court's determination that Heldt failed to demonstrate that he ever requested Temple file a direct appeal on his behalf. As set forth by the Nebraska Supreme Court in *Trotter, supra*, in order for the presumption of prejudice and ineffective assistance to be present with regard to failure to file a direct appeal, the defendant must carry the burden of demonstrating that counsel was directed by the defendant to file or perfect an appeal. Although Heldt referred in his motion for postconviction relief to a letter sent by a legal aid, at the direction of Heldt, to Temple, no such letter was offered at the evidentiary hearing. Further, Heldt's testimony at the evidentiary hearing directly conflicts with this allegation. During the hearing, Heldt testified that he did not call, write, or otherwise attempt to contact Temple after receiving Temple's letter. Temple's deposition testimony similarly reflected that no such request to file an appeal was made. With no demand for an appeal having been made, the presumption of prejudice and ineffective assistance of counsel was not present in this case.

Heldt further argues that Temple's recommendation not to appeal amounted to ineffective assistance of counsel by denying Heldt's absolute right to appeal. Temple's letter to Heldt

expressly stated that "you have a statutory and constitutional right to appeal the sentence." Although Temple then recommended not appealing on the basis of the conviction resulting from a plea agreement, he nevertheless informed Heldt of the deadline for filing an appeal and advised Heldt to contact him prior to the deadline if he wished to appeal. Thus, it is clear that despite the recommendation, Temple would still have assisted Heldt with filing the appeal had Heldt requested him to do so.

Temple testified that he based this recommendation not to appeal upon his experience representing criminal defendants in the context of appeals following a plea agreement. Heldt has failed to show how this recommendation amounted to deficient performance. The recommendation did not prevent Heldt from requesting that Temple file an appeal and Temple expressed a willingness to do so had Heldt so requested.

The district court did not err in overruling Heldt's motion for postconviction relief based upon trial counsel's alleged failure to file a direct appeal.

## CONCLUSION

Heldt has failed to establish that he received ineffective assistance of counsel. We affirm the district court's denial of his motion for postconviction relief.

AFFIRMED.