Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/01/2020 08:08 AM CDT

State of Nebraska, appellee,
v. Jason Assad, appellant.
___ N.W.2d ___

Filed February 7, 2020.    No. S-17-1193.

1. **Postconviction: Constitutional Law: Appeal and Error.** In appeals
   from postconviction proceedings, an appellate court reviews de novo a
   determination that the defendant failed to allege sufficient facts to dem-
   onstrate a violation of his or her constitutional rights or that the record
   and files affirmatively show that the defendant is entitled to no relief.
2. **Effectiveness of Counsel: Proof.** Generally, to prevail on a claim of
   ineffective assistance of counsel under *Strickland v. Washington*, 466
   U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must
   show that his or her counsel's performance was deficient and that this
   deficient performance actually prejudiced the defendant's defense.
3. ____: ____. To show that counsel's performance was deficient, a defend-
   ant must show that counsel's performance did not equal that of a lawyer
   with ordinary training and skill in criminal law.
4. ____: ____. To show prejudice, the defendant must demonstrate a rea-
   sonable probability that but for counsel's deficient performance, the
   result of the proceeding would have been different.

Petition for further review from the Court of Appeals,
Moore, Chief Judge, and Riedmann and Bishop, Judges, on
appeal thereto from the District Court for Cheyenne County,
Derek C. Weimer, Judge. Judgment of Court of Appeals
affirmed.

Gerald L. Soucie and Brian S. Munnelly for appellant.

Douglas J. Peterson, Attorney General, and Nathan A. Liss
for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, and Papik, JJ.

Papik, J.

After Jason Assad was convicted of several criminal offenses, he appealed. The only errors his appellate counsel initially assigned, however, pertained to issues that were not preserved for appellate review. And although his counsel later sought leave to assert that trial counsel was ineffective in failing to preserve issues for appeal, those attempts were unsuccessful and Assad's convictions were summarily affirmed. Assad now seeks postconviction relief, asserting that his appellate counsel was ineffective and arguing that, unlike most defendants asserting ineffective assistance of counsel, he is not required to demonstrate that he was prejudiced as a result of counsel's deficient performance. The district court rejected Assad's argument that he was entitled to a presumption of prejudice and denied his motion for postconviction relief without an evidentiary hearing. The Nebraska Court of Appeals affirmed, but did not address Assad's argument regarding a presumption of prejudice.

Upon further review, we find this is not a circumstance in which prejudice is presumed, but, rather, Assad is required to demonstrate that his counsel performed deficiently and that he was actually prejudiced as a result of that deficient performance. Because Assad has not even attempted to demonstrate prejudice, we find that he is not entitled to postconviction relief and affirm.

BACKGROUND

*Assad's Convictions.*

On the morning of September 14, 2014, police in Sidney, Nebraska, received a call from an individual who reported hearing the sound of a woman's scream coming from a nearby motel. Assad and his wife lived at the motel at the time. A police officer went to the motel to investigate. After the officer was unable to make contact with anyone at the motel, he

obtained a search warrant. During the execution of the search warrant, officers entered the room in which Assad and his wife resided. There, the officers were confronted by Assad, who was yelling profanities. The officers later found Assad's wife with injuries to her head and face. They also found what appeared to be evidence of narcotics. The officers then obtained additional search warrants. During the execution of the additional search warrants, officers seized surveillance videos, which included footage from the inside of the motel room. Officers continued to investigate and determined that Assad had possession of a knife and a rifle in the motel room and that he had previously been convicted of a felony.

Assad was later charged with possession of a weapon by a prohibited person, first degree false imprisonment, terroristic threats, use of a weapon to commit a felony, and possession of a firearm by a prohibited person. Prior to trial, he filed a series of suppression motions, each of which sought to suppress evidence obtained through the September 14, 2014, searches. The district court held a hearing on the motions to suppress and denied the motions, concluding that the searches were done pursuant to valid search warrants and, alternatively, that the good faith exception recognized in *United States v. Leon*, 468 U.S. 897, 104 S. Ct. 3405, 82 L. Ed. 2d 677 (1984), applied.

At trial, when the State introduced evidence seized through the September 14, 2014, searches, Assad did not renew the objections he made in his pretrial motions to suppress. A jury found Assad guilty of each of the charged offenses listed above. Assad was later found to be a habitual criminal at a sentencing enhancement hearing. He was sentenced to an aggregate period of 35 to 60 years' imprisonment.

*Direct Appeal.*

Assad's trial counsel filed a notice of appeal, but shortly thereafter new counsel entered an appearance and his trial counsel was granted leave to withdraw. His appellate counsel later filed a 40-page brief assigning two errors on appeal, both

of which addressed the denial of Assad's pretrial motions to suppress. The brief contained arguments that evidence seized in the search of his residence should be suppressed, because officers violated his Fourth Amendment rights when they entered his residence, and that evidence seized after the search of his residence should be suppressed as fruit of the poisonous tree.

The State responded by filing a motion for summary affirmance. In support of its motion, the State noted that Assad's trial counsel had not objected at trial to the evidence that was the subject of the motions to suppress. As a result, the State contended, Assad's arguments that evidence should have been suppressed were not properly preserved for appellate review.

Following the State's motion for summary affirmance, Assad's appellate counsel filed a motion requesting leave to file a revised brief. The motion stated that the revised brief would "address issues raised in [the State's] Motion for Summary Affirmance." Attached to the motion was a proposed revised brief, which added a new assignment of error alleging that trial counsel's failure to object at trial to the evidence Assad previously sought to suppress constituted ineffective assistance of counsel. The Court of Appeals denied leave to file the revised brief. It later granted the State's motion for summary affirmance. The Court of Appeals' disposition stated in full:

> Motion of appellee for summary affirmance sustained; judgment affirmed. See Neb. Ct. R. App. P. § 2-107(B)(2); State v. Podrazo, 21 Neb. App. 489, 840 N.W.2d 898 (2013) (defendant must object at trial to the admission of evidence sought to be suppressed to preserve an appellate question concerning admissibility of that evidence).

Assad's appellate counsel subsequently filed a motion to file a supplemental brief. This motion attached a proposed supplemental brief containing a single assignment of error: that trial counsel's failure to object at trial to the evidence that was the subject of the suppression motions constituted

ineffective assistance of counsel. The Court of Appeals denied the motion.

Assad's appellate counsel then filed a petition for further review on Assad's behalf. This court denied the petition for further review.

*Postconviction Proceedings.*

After the conclusion of the direct appeal proceedings, Assad, represented by yet another attorney, filed a verified motion for postconviction relief. The postconviction motion asserted various claims for relief. One layered claim of ineffective assistance of counsel is relevant for present purposes. Assad alleged that his appellate counsel's failure to allege ineffective assistance on the part of his trial counsel constituted ineffective assistance of appellate counsel. Assad claimed his appellate counsel should have asserted that trial counsel's failure to preserve a number of issues for appellate review, including the claim that the motions to suppress should have been granted, amounted to ineffective assistance.

The State filed a motion to dismiss the postconviction motion without an evidentiary hearing. Assad filed a brief in opposition. In the brief, Assad claimed that as a result of appellate counsel's performance, he was denied all appellate review and was entitled to a new direct appeal.

The district court granted the State's motion to dismiss and denied Assad's motion for postconviction relief without an evidentiary hearing. In a written order, the district court rejected Assad's argument that he was entitled to a new direct appeal. Instead, it concluded that Assad was entitled to relief under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) (*Strickland*), only if he could show that his counsel was deficient and that this deficient performance prejudiced him. With respect to Assad's layered claim of ineffective assistance of counsel, the trial court concluded that Assad could not show prejudice because the arguments he claimed counsel should have presented lacked merit.

*Court of Appeals.*

Assad appealed to the Court of Appeals. Among his assignments of error was a contention that the district court erred in rejecting his layered claim of ineffective assistance of counsel. He argued that under cases such as *State v. Trotter*, 259 Neb. 212, 609 N.W.2d 33 (2000), he should not have been required to prove prejudice, because prejudice should be presumed, and that he was thus entitled to a new direct appeal.

The Court of Appeals affirmed the district court's order. *State v. Assad*, No. A-17-1193, 2019 WL 951169 (Neb. App. Feb. 26, 2019) (selected for posting to court website). The Court of Appeals observed that, with one exception not relevant here, Assad did not make any specific argument on appeal as to why his trial counsel's failures to preserve issues for appellate review amounted to ineffective assistance. It thus concluded that Assad had not sufficiently argued his claim that appellate counsel was ineffective for not asserting a layered claim of ineffective assistance of counsel and did not consider its merits.

*Petition for Further Review.*

Assad filed a petition for further review. His sole assignment of error was that the Court of Appeals erred by affirming the district court's dismissal of his ineffective assistance of appellate counsel claim. He again argued that, under the circumstances, prejudice should be presumed and that he should have been awarded a new direct appeal for his appellate counsel's deficient performance.

We granted Assad's petition for further review. We directed the parties to file supplemental briefs addressing whether, under the circumstances, Assad was required to demonstrate prejudice under *Strickland* or whether this is a case in which prejudice is presumed.

## ASSIGNMENT OF ERROR

As noted above, Assad assigns one error in his petition for further review. He contends that the Court of Appeals erred

by affirming the district court's denial of relief on his claim for ineffective assistance of appellate counsel. He argues that, under the circumstances, he is entitled to a presumption of prejudice and a new direct appeal.

## STANDARD OF REVIEW

[1] In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Martinez*, 302 Neb. 526, 924 N.W.2d 295 (2019).

## ANALYSIS

*Question at Issue:*
*Is Prejudice Presumed?*

In most cases in which ineffective assistance of counsel is alleged, the case turns on whether the defendant can satisfy both parts of the familiar two-part framework of *Strickland*. Under that framework, a defendant must show that his or her counsel's performance was deficient and that counsel's deficient performance actually prejudiced the defense in his or her case. *Martinez, supra*. This case is different. It is different because Assad does not even attempt to show that his defense was prejudiced as a result of his appellate counsel's allegedly deficient performance.

The Court of Appeals essentially concluded that because Assad did not make an argument as to prejudice, he had not presented sufficient argument in support of his ineffective assistance of appellate counsel claim. See *State v. Assad*, No. A-17-1193, 2019 WL 951169 (Neb. App. Feb. 26, 2019) (selected for posting to court website). From the beginning of this postconviction proceeding, however, Assad has consistently argued that because prejudice is presumed, he is not required to demonstrate prejudice and is entitled to a new direct appeal. We will thus proceed to consider if this is indeed a case in which a presumption of prejudice arises. We will do

so by first reviewing the applicable legal standards and then by applying those standards to this case.

*Legal Standards Regarding*
*Presumed Prejudice.*

[2-4] As noted above, generally to prevail on a claim of ineffective assistance of counsel, the defendant must show both deficient performance and prejudice. See *State v. Avina-Murillo*, 301 Neb. 185, 917 N.W.2d 865 (2018). To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id.* To show prejudice, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Id.* These familiar general elements of a claim of ineffective assistance of counsel were set forth in the U.S. Supreme Court's opinion in *Strickland*.

There are some cases, however, in which a defendant asserting ineffective assistance need not demonstrate prejudice in order to prevail. In *Strickland* and in *United States v. Cronic*, 466 U.S. 648, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984), another ineffective assistance of counsel opinion issued the same day as *Strickland*, the U.S. Supreme Court recognized that in some situations, prejudice is presumed. In *Strickland*, the Court stated that "[a]ctual or constructive denial of the assistance of counsel altogether" and "various kinds of state interference with counsel's assistance" would result in a presumption of prejudice. 466 U.S. at 692. In *Cronic*, the Court held that prejudice would also be presumed if "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing." 466 U.S. at 659. These circumstances, the *Cronic* Court observed, "are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified." 466 U.S. at 658.

In the years following *Strickland* and *Cronic*, the U.S. Supreme Court has made clear that in order for prejudice to

be presumed as a result of counsel's inadequate performance, the failure must be extreme. In *Bell v. Cone*, 535 U.S. 685, 122 S. Ct. 1843, 152 L. Ed. 2d 914 (2002), the Sixth Circuit Court of Appeals applied a presumption of prejudice in a case in which defense counsel in a first degree murder trial waived his closing argument in a sentencing proceeding that ultimately resulted in a death sentence. The U.S. Supreme Court reversed. It explained that the presumption of prejudice based on an attorney's failure to test the prosecution's case recognized in *Cronic* was limited to cases in which the attorney's failure to do so was "complete." *Bell*, 535 U.S. at 697. A presumption was not appropriate in *Bell*, the Court reasoned, because the defendant was merely arguing that his counsel failed to oppose the prosecution at specific points of the sentencing proceeding rather than throughout.

Two years later in *Florida v. Nixon*, 543 U.S. 175, 125 S. Ct. 551, 160 L. Ed. 2d 565 (2004), the U.S. Supreme Court again reversed a lower court's decision, holding that a presumption of prejudice was not called for under the circumstances. In that case, defense counsel conceded the defendant's guilt without the defendant's consent. The Court held that a presumption of prejudice was not warranted and described the presumption of prejudice as a "narrow exception" to *Strickland* that will arise "infrequently." *Nixon*, 543 U.S. at 190.

The cases discussed to this point have considered the general principles that determine whether a presumption of prejudice ought to apply to an ineffective assistance of counsel claim. The U.S. Supreme Court has also, in a number of cases, considered whether a presumption of prejudice was appropriate in cases in which ineffective assistance of appellate counsel was alleged.

In the appellate context, the U.S. Supreme Court has held that the presumption of prejudice applies when the accused is deprived of the assistance of counsel on appeal. See *Penson v. Ohio*, 488 U.S. 75, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988). It reached this conclusion by relying on the language in

*Strickland* and *United States v. Cronic*, 466 U.S. 648, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984), explaining that a presumption of prejudice is appropriate upon the actual or constructive denial of counsel. See *Penson, supra*.

Reasoning that a denial of an appeal altogether is even more serious than the denial of counsel during an appeal, the U.S. Supreme Court has also held that a presumption of prejudice arises if counsel fails to file a notice of appeal when requested to do so by the defendant. See *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000). In that circumstance, the Court has held that the proper remedy is to afford the defendant a new opportunity to appeal. See *Garza v. Idaho*, ___ U.S. ___, 139 S. Ct. 738, 203 L. Ed. 2d 77 (2019). We have held the same. See *State v. Trotter*, 259 Neb. 212, 609 N.W.2d 33 (2000).

With these principles in mind, we turn to whether a presumption of prejudice ought to apply in this case.

## *Does Presumption of Prejudice Apply Here?*

In considering whether prejudice should be presumed here, we reject at the outset Assad's argument that this case is directly controlled by *Garza, supra*, and *Flores-Ortega, supra*. As explained above, in those cases, the U.S. Supreme Court held that prejudice is presumed when counsel fails to file a notice of appeal as requested by the defendant, thereby depriving the defendant of a desired appeal altogether. In this case, a notice of appeal *was* filed on Assad's behalf. And although the Court of Appeals resolved the appeal summarily, it considered the issues raised on appeal and affirmed the convictions rather than dismissing the appeal. Assad was thus not denied a direct appeal entirely, and this case cannot be quickly resolved in his favor with nothing more than a citation to *Garza* and *Flores-Ortega*.

Even if not directly governed by *Garza* and *Flores-Ortega*, Assad nonetheless urges us to find that prejudice is presumed here because, in his words, he "effectively received no direct

appeal." Supplemental brief for appellant on petition for further review at 13. We are not aware, however, of any cases of the U.S. Supreme Court that would characterize the set of circumstances here as equivalent to the complete denial of an appeal. And, as we will explain, what the U.S. Supreme Court has said about a presumption of prejudice in the appellate context leads us to conclude that a presumption of prejudice is not warranted in this case.

In *Smith v. Robbins*, 528 U.S. 259, 286, 120 S. Ct. 746, 145 L. Ed. 2d 756 (2000), another case in which a party alleging ineffective assistance of appellate counsel argued for a presumption of prejudice, the U.S. Supreme Court drew a distinction between a "denial of counsel altogether on appeal" and "mere ineffective assistance of counsel on appeal." The former, the Court explained, warranted a presumption of prejudice while the latter did not.

Although appellate counsel's performance in this case may well have been deficient, we think it unfair to characterize it as amounting to nothing. As we have noted, Assad's counsel filed a 40-page appellate brief, which assigned multiple errors. Additionally, once the State filed its motion for summary affirmance, Assad's counsel made multiple attempts to raise additional assignments of error in the Court of Appeals and sought further review in this court. Just as it cannot be said that Assad was denied an appeal, it cannot be said that Assad effectively went without appellate counsel.

This is not to say that the performance of Assad's appellate counsel was flawless. Indeed, all involved recognize that Assad's counsel made a serious mistake by only assigning error to the district court's admission of evidence challenged in the motions to suppress rather than asserting that trial counsel was ineffective for failing to preserve the right to raise the motions to suppress on appeal. Again, however, *Smith, supra*, indicates that this type of alleged error—raising some issues rather than others—is subject to the usual *Strickland* requirements rather than the presumed prejudice exception.

In *Smith*, the U.S. Supreme Court acknowledged that appellate counsel can provide deficient performance by "'ignor[ing] issues [that] are clearly stronger than those presented.'" 528 U.S. at 288, quoting *Gray v. Greer*, 800 F.2d 644 (7th Cir. 1986). The Court made clear, however, that a defendant attempting to establish a claim of ineffective assistance of appellate counsel on the theory that counsel raised the wrong issues must establish traditional *Strickland* prejudice, i.e., demonstrate a reasonable probability that the outcome of the proceeding would have been different had counsel raised a different argument. In *Penson v. Ohio*, 488 U.S. 75, 88, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988), the Court did the same, distinguishing the case before it in which prejudice was properly presumed from a case in which "counsel fails to press a particular argument on appeal."

To all this, we imagine that Assad would likely contend that even if defendants generally must prove prejudice when asserting that counsel performed deficiently by raising the wrong appellate issues, this should be treated as an exceptional case given that Assad's appellate counsel raised only issues that were not preserved for appellate review. But again, language from the U.S. Supreme Court leads us to conclude this case is subject to the usual *Strickland* rule.

In *Bell v. Cone*, 535 U.S. 685, 697, 122 S. Ct. 1843, 152 L. Ed. 2d 914 (2002), when discussing whether prejudice ought to be presumed when counsel waived closing argument in a sentencing proceeding, the Court noted that the difference between circumstances in which prejudice is presumed and in which prejudice must be proved under *Strickland* "is not of degree but of kind." We read this language to undercut any notion that a presumption of prejudice might apply in some exceptional cases in which it is alleged that appellate counsel should have raised additional arguments. Appellate counsel may have failed to a serious degree in this case, but that failure does not differ in kind from other cases in which a defendant alleges that his appellate counsel raised the wrong issues on

appeal and, as discussed, defendants must prove prejudice under those circumstances.

Given our understanding of the U.S. Supreme Court's pronouncements in this area, we are unpersuaded by the arguments Assad presents based on decisions of other courts. Some of the decisions Assad cites in which a presumption of prejudice was found to apply are cases in which counsel failed to file an appellate brief and, for that reason, the appeal was dismissed. See, e.g., *Hardaway v. Robinson*, 655 F.3d 445 (6th Cir. 2011); *People v. Moore*, 133 Ill. 2d 331, 549 N.E.2d 1257, 140 Ill. Dec. 385 (1990). But in cases like those, the appellate court does not consider any issues and the appeal is dismissed as a result of appellate counsel's failure. It is thus, at least arguably, not meaningfully different from a case in which counsel fails to perfect an appeal when requested to do so by the defendant and the defendant is denied an appeal altogether. In contrast, Assad's appellate counsel did file a brief and his appeal was not dismissed. The Court of Appeals gave consideration to the errors assigned, but found they were not properly preserved, and affirmed.

Another case Assad directs us to, *Hendricks v. Lock*, 238 F.3d 985 (8th Cir. 2001), presents a slightly different scenario, but, in our view, it is also unavailing. In *Hendricks*, the Eighth Circuit determined that prejudice should be presumed in a case in which appellate counsel filed a brief, but the Missouri Supreme Court refused to address the issues raised because it found that the brief lacked any reasoned arguments and thus "'provide[d] nothing for meaningful review.'" 238 F.3d at 986, quoting *State v. Hendricks*, 944 S.W.2d 208 (Mo. 1997). The Eighth Circuit distinguished the circumstances from a case in which it was alleged that counsel failed to raise a particular issue, concluding that prejudice was presumed because the inadequacy of the appellate brief led the Missouri Supreme Court to decline to address the issues the defendant raised on appeal.

We believe the reasoning of the Eighth Circuit in *Hendricks* actually supports our determination that prejudice should not be presumed here. The failure on the part of Assad's appellate counsel was not a failure to provide argumentation in support of the issues raised; it was a failure to assert particular issues on appeal. *Hendricks* indicates that prejudice is not presumed in the latter circumstance.

For similar reasons, we are also not persuaded by Assad's reliance on a concurring opinion in *State v. Sundquist*, 301 Neb. 1006, 921 N.W.2d 131 (2019) (Cassel, J., concurring; Miller-Lerman, J., joins). In *Sundquist*, counsel failed to file a statement of errors in an appeal from county court to district court. The State conceded that this was deficient performance, but this court found that there was no prejudice. The concurring opinion emphasized the importance of filing a timely statement of errors and suggested that a presumption of prejudice might have been appropriate if not for the district court's consideration of the defendant's argument for prejudicial error, even though the failure to file a statement of errors would have justified a more "cursory review by the district court for plain error." *Id.* at 1026, 921 N.W.2d at 146 (Cassel, J., concurring; Miller-Lerman, J., joins).

Assad argues that his direct appeal received the same type of cursory review the concurring opinion in *Sundquist* suggested might give rise to a presumption of prejudice. We do not agree. The Court of Appeals did summarily affirm Assad's direct appeal, but it did not review the errors assigned for mere plain error or under some other cursory standard of review. The summary affirmance was not the result of a cursory standard of review, but, rather, the unpreserved issues appellate counsel raised. And, as we have explained, an assertion that counsel ineffectively raised some issues rather than others requires a showing of prejudice.

Though cited by neither party, we believe it also appropriate to mention a decision of the Pennsylvania Supreme Court, given its similarity to the facts of this case. In *Commonwealth*

*v. Rosado*, 637 Pa. 424, 150 A.3d 425 (2016), much like this case, the only issue appellate counsel raised on appeal was an issue that was not properly preserved in the trial court. The Pennsylvania Supreme Court found that prejudice should be presumed. It reasoned that there was no meaningful difference between an attorney who completely fails to file a notice of appeal "and one who makes all necessary filings, but does so relative solely to claims he has not preserved for appeal, producing the same end." *Id.*, 637 Pa. at 439-40, 150 A.3d at 434.

It appears that Assad would be entitled to a presumption of prejudice under the reasoning articulated by the Pennsylvania Supreme Court in *Rosado*. We, however, respectfully disagree with the conclusion that the raising of unpreserved claims is equivalent to the complete failure to file a requested notice of appeal for purposes of deciding whether a presumption of prejudice arises.

It is of course true that a defendant will not obtain relief on direct appeal both when appellate counsel fails to file a notice of appeal and when appellate counsel raises only unpreserved issues, but the same could be said of any case in which appellate counsel raises issues lacking merit and the defendant later claims that others should have been raised. But when a claim is made that appellate counsel was ineffective for raising some issues rather than others, the U.S. Supreme Court has made clear that prejudice must be shown. And, in our view, Assad, by asserting that his counsel was ineffective for raising only unpreserved issues, is raising just this type of claim.

*Proving Prejudice Under* Strickland.

For all the reasons we have discussed, we do not believe this is a case in which prejudice is presumed. That does not mean, however, that Assad had no opportunity to establish a claim of ineffective assistance of appellate counsel. Instead, just as in most other cases in which a defendant alleges ineffective assistance, Assad would be entitled to relief under *Strickland*

if he could prove that his appellate counsel's performance was deficient and that he suffered prejudice as a result of that deficient performance.

In this case, Assad likely would have had little problem establishing deficient performance. His entitlement to relief would thus depend solely on whether he could demonstrate a reasonable probability that, but for his appellate counsel's deficient performance, the result of his appeal would have been different. This would require a showing that had his trial counsel properly preserved issues for appellate review, there was a reasonable probability that his direct appeal would have resulted in something other than his convictions being affirmed.

Assad has never attempted to make such a showing. Instead, he has relied exclusively on his argument that prejudice is presumed and he is entitled to a new direct appeal. Because we find that prejudice is not presumed and because Assad has not attempted to demonstrate prejudice, his motion for postconviction relief based on a claim of ineffective assistance of appellate counsel was properly denied without an evidentiary hearing.

## CONCLUSION

For the reasons discussed above, we find that Assad was required to demonstrate prejudice under *Strickland* and that he failed to do so. We therefore affirm the decision of the Court of Appeals.

AFFIRMED.

FREUDENBERG, J., not participating.