IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. NIEWOHNER

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

JARED J. NIEWOHNER, APPELLANT.

Filed November 10, 2020.    No. A-19-1214.

Appeal from the District Court for Lancaster County: JOHN A. COLBORN, Judge, on appeal thereto from the County Court for Lancaster County: MATT L. ACTON, Judge. Judgment of District Court affirmed.

Matthew M. Munderloh, of Johnson & Mock, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Erin E. Tangeman for appellee.

PIRTLE, Chief Judge, and MOORE and RIEDMANN, Judges.

PIRTLE, Chief Judge.

## INTRODUCTION

Jared J. Niewohner appeals the order of the district court for Lancaster County that affirmed the Lancaster County Court's order denying his verified motion for postconviction relief without holding an evidentiary hearing. Based on the reasons that follow, we affirm the district court's order.

## BACKGROUND

Niewohner was charged with two counts of third degree sexual assault in Lancaster County Court. The charges arose out of an incident at a bar in Lincoln where Niewohner grabbed one victim's buttocks with both hands, and put his hand under the second victim's dress, touching her vaginal area over her tights. A jury found Niewohner guilty of both charges and the county court

- 1 -

accepted the jury's verdict. The county court sentenced him to 45 days in jail and 80 hours of community service, as well as 18 months' probation on each count, to be served consecutively.

Niewohner appealed to this court with different counsel than the counsel who represented him at trial, and in an unpublished memorandum opinion, case No. A-16-1088, we affirmed his convictions and sentences. We concluded the evidence was sufficient to support the convictions and that his ineffective assistance of counsel claims either had no merit, were not sufficiently alleged, or the record on direct appeal was not sufficient to review them.

With new counsel, Niewohner filed a verified motion for postconviction relief in the Lancaster County Court alleging claims of ineffective assistance of trial counsel and appellate counsel. Specifically, he alleged his trial counsel was ineffective by pursuing a sole defense of voluntary intoxication, a defense not recognized by Nebraska law, and that his appellate counsel was ineffective for failing to assign that his trial counsel was ineffective for raising such defense. His motion alleges that throughout the trial, his counsel made repeated references to Niewohner's intoxication and also requested a jury instruction regarding intoxication as a defense, which the county court refused.

The State filed a motion to deny Niewohner's postconviction motion without an evidentiary hearing. The county court entered an order sustaining the State's motion and overruling and dismissing Niewohner's motion for postconviction relief without an evidentiary hearing. The county court concluded that Niewohner's claim of ineffective assistance of trial counsel was procedurally barred because appellate counsel failed to raise the issue on direct appeal. The county court further found that Niewohner's ineffective assistance of appellate counsel claim should be denied because the files and records showed that Niewohner was entitled to no relief.

Niewohner appealed to the district court, which affirmed the county court's order. The district court agreed that Niewohner's claim that his trial counsel was ineffective for defending him solely on the basis of his intoxication was procedurally barred as he failed to raise the claim on direct appeal and the issue would have been known to him or apparent from the record. See *State v. Dubray*, 294 Neb. 937, 885 N.W.2d 540 (2016). The district court also agreed with the county court that appellate counsel was not ineffective because the records and files affirmatively showed that trial counsel was not ineffective in pursuing voluntary intoxication as a defense.

## ASSIGNMENT OF ERROR

Niewohner assigns that the district court erred in affirming the county court's dismissal of his motion for postconviction relief without granting him an evidentiary hearing.

## STANDARD OF REVIEW

In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Stricklin*, 300 Neb. 794, 916 N.W.2d 413 (2018).

ANALYSIS

Niewohner assigns that the district court erred in affirming the county court's order denying his motion for postconviction relief without an evidentiary hearing. Postconviction relief is available to a prisoner in custody under sentence who seeks to be released on the ground that there was a denial or infringement of his or her constitutional rights such that the judgment was void or voidable. *Id.* In a motion for postconviction relief, the defendant must allege facts which, if proved, constitute a denial or violation of his or her rights under the U.S. or Nebraska Constitution, causing the judgment against the defendant to be void or voidable. *State v. Stricklin, supra.*

A trial court must grant an evidentiary hearing to resolve the claims in a postconviction motion when the motion contains factual allegations which, if proved, constitute an infringement of the defendant's rights under the Nebraska or federal Constitution. *Id.* If a postconviction motion alleges only conclusions of fact or law, or if the records and files in a case affirmatively show the defendant is entitled to no relief, the court is not required to grant an evidentiary hearing. *Id.* Thus, in a postconviction proceeding, an evidentiary hearing is not required (1) when the motion does not contain factual allegations which, if proved, constitute an infringement of the movant's constitutional rights; (2) when the motion alleges only conclusions of fact or law; or (3) when the records and files affirmatively show that the defendant is entitled to no relief. *Id.*

Niewohner's motion for postconviction relief alleges that his trial counsel and appellate counsel provided ineffective assistance. Under the standard established by the U.S. Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), claims of ineffective assistance of counsel by criminal defendants are evaluated using a two-prong analysis: first, whether counsel's performance was deficient and, second, whether the deficient performance was of such a serious nature so as to deprive the defendant of a fair trial. *State v. Dubray*, 294 Neb. 937, 885 N.W.2d 540 (2016). A court may address the two elements of this test, deficient performance and prejudice, in either order. *Id.*

To show that the performance of a prisoner's counsel was deficient, it must be shown that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law in the area. *Id.* To establish the prejudice element of the *Strickland* test, a defendant must show that the counsel's deficient performance was of such gravity to render the result of the trial unreliable or the proceeding fundamentally unfair. *State v. Dubray, supra*. This prejudice is shown by establishing that but for the deficient performance of counsel, there is a reasonable probability that the outcome of the case would have been different. *Id.*

When a claim of ineffective assistance of appellate counsel is based on the failure to raise a claim on appeal of ineffective assistance of trial counsel (a layered claim of ineffective assistance of counsel), an appellate court will look at whether trial counsel was ineffective under the *Strickland* test. *State v. Allen*, 301 Neb 560, 919 N.W.2d 500 (2018). If trial counsel was not ineffective, then the defendant was not prejudiced by appellate counsel's failure to raise the issue. *Id*. Much like claims of ineffective assistance of trial counsel, the defendant must show that but for counsel's failure to raise the claim, there is a reasonable probability that the outcome would have been different. *Id*.

- 3 -

Niewohner concedes that his claim that trial counsel was ineffective, in and of itself, is procedurally barred since it was not raised on direct appeal. Therefore, the only issue before us is whether Niewohner was entitled to an evidentiary hearing in regard to his claim that his appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness in regard to his reliance on Niewohner's intoxication as a defense.

Niewohner argues that his trial counsel was ineffective because he solely defended his third degree sexual assault charges on the basis of voluntary intoxication and such defense is not recognized in Nebraska. Neb. Rev. Stat. § 29-122 (Reissue 2016), enacted in 2011, provides that voluntary intoxication is not a defense to any criminal offense and shall not be taken into consideration in determining the existence of a mental state that is an element of the criminal offense. See, also, *State v. Cheloha*, 25 Neb. App. 403, 907 N.W.2d 317 (2018). Niewohner contends that by alleging trial counsel's one and only defense was one not recognized in Nebraska, his motion sufficiently alleged that his trial counsel performed deficiently and that such deficient performance prejudiced him. He further contends the records and files of the county court did not affirmatively establish that he was not entitled to postconviction relief on this issue.

Because the two elements of the *Strickland* test can be addressed in either order, we first address the prejudice prong. Niewohner contends that prejudice should be presumed because trial counsel's pursuit of a sole defense not permitted by law basically left him with no defense at all, and the State's case therefore, was not subjected to any meaningful adversarial testing. Niewohner relies on *United States v. Cronic*, 466 U.S. 648, 104 S. Ct. 2039, 80 L. Ed 2d 657 (1984), which provides narrow exceptions to the *Strickland* analysis, where the reliability of the adversarial process is in such doubt that prejudice to the defendant will be presumed, resulting in a conclusion of ineffective assistance of counsel. *State v. Jedlicka*, 297 Neb. 276, 900 N.W.2d 454 (2017). The three circumstances where prejudice will be presumed are (1) where the accused is completely denied counsel at a critical stage of the proceedings, (2) where counsel entirely fails to subject the prosecution's case to meaningful adversarial testing, and (3) where the surrounding circumstances may justify the presumption of ineffectiveness without inquiry into counsel's actual performance at trial. *Id.*

In the years following *Strickland* and *Cronic*, the U.S. Supreme Court has made clear that in order for prejudice to be presumed as a result of counsel's inadequate performance, the failure must be extreme. *State v. Assad*, 304 Neb. 979, 938 N.W.2d 297 (2020). In *Bell v. Cone*, 535 U.S. 685, 122 S. Ct. 1843, 152 L. Ed. 2d 914 (2002), the Sixth Circuit Court of Appeals applied the second *Cronic* exception, failure to subject the prosecution's case to meaningful adversarial testing, to presume prejudice in a case in which defense counsel in a first degree murder trial waived his closing argument in a sentencing proceeding that ultimately resulted in a death sentence. The Supreme Court reversed, holding that the *Cronic* exception did not apply. It emphasized that for the exception to apply, the "attorney's failure must be complete" and emphasized that counsel must "'*entirely* fail[] to subject the prosecution's case to meaningful adversarial testing.'" *Id.* at 697 (emphasis in original). A presumption was not appropriate in *Bell*, the Court reasoned, because the defendant was merely arguing that his counsel failed to oppose the prosecution at specific points of the sentencing proceeding rather than throughout.

Two years later in *Florida v. Nixon*, 543 U.S. 175, 125 S. Ct. 551, 160 L. Ed. 2d 565 (2004), the U.S. Supreme Court again reversed a lower court's decision, holding that a presumption of prejudice was not called for under the circumstances. In that case, defense counsel conceded the defendant's guilt without the defendant's consent. The Court held that a presumption of prejudice was not warranted and described the presumption of prejudice as a "narrow exception" to *Strickland* that will arise "infrequently." *Florida v. Nixon*, 543 U.S. at 190. It further emphasized that for a court to presume prejudice under *Cronic*, counsel must "entirely fail[] to function as the client's advocate." *Florida v. Nixon*, 543 U.S. at 189.

In the present case, Niewohner is arguing that prejudice is presumed because his trial counsel failed to subject the State's case to meaningful adversarial testing. However, as the district court found, "Niewohner's trial counsel advocated on his behalf by, among other things, examining witnesses, moving in limine to exclude evidence, and presenting closing arguments." Trial counsel did not entirely fail to function as Niewohner's advocate and therefore, *Cronic's* presumption of prejudice does not apply here.

Niewohner argues, alternatively, that if we conclude that *Cronic* does not apply and he must prove prejudice under *Strickland*, his postconviction motion sufficiently alleged how he was prejudiced, entitling him to an evidentiary hearing. In his motion he argued he was prejudiced by trial counsel's failure to pursue a valid defense, and had counsel not focused solely on that defense he could have pursued other defenses, such as attacking the credibility of the victims, and there is a reasonable probability the result of his trial would have been different. Attacking the victims' credibility is the only valid defense Niewohner identified in his motion.

To establish the prejudice element of the *Strickland* test, a defendant must show that the counsel's deficient performance was of such gravity to render the result of the trial unreliable or the proceeding fundamentally unfair. *State v. Dubray*, 294 Neb. 937, 885 N.W.2d 540 (2016). This prejudice is shown by establishing that but for the deficient performance of counsel, there is a reasonable probability that the outcome of the case would have been different. *Id.*

Niewohner asserts that trial counsel should have challenged the victims' credibility, specifically their version of events and their ability to remember what happened, because they had been drinking alcohol prior to going to the bar where the incidents occurred. There was testimony at trial that the victims were part of a bachelorette party on the night in question and that they had been drinking at a friend's apartment and at another bar prior to going to the bar where the incidents occurred. However, there were other individuals who observed Niewohner's actions and testified at trial and therefore, the victim's credibility was not in question. As the district court stated, "[i]t is not reasonably likely that such tactic would have changed the outcome, given that the bartenders also corroborated the complaining witnesses' testimony."

In addition, Niewohner's involuntary intoxication was not the only defense presented by trial counsel. Trial counsel argued Niewohner did not touch the victims for sexual gratification, but rather in retaliation for their lack of interest in him. Third degree sexual assault occurs when a person subjects another person to "sexual contact" without the person's consent. Neb. Rev. Stat. § 28-320 (Reissue 2016). "Sexual contact" only includes "such conduct which can be reasonably construed as being for the purpose of sexual arousal or gratification by either party." Neb. Rev. Stat. § 28-318(5) (Reissue 2016). Accordingly, trial counsel presented a defense that the State

failed to meet all the necessary elements of third degree sexual assault. He elicited testimony and argued that the State failed to prove that Niewohner's contact with the two victims was for sexual arousal or gratification. He specifically asked Niewohner if he recalled any sexual arousal or gratification from touching the victims and he testified he did not. There was also testimony from State witnesses that Niewohner was angry or upset when the victims did not want to talk to him. During closing arguments, trial counsel argued that Niewohner's contact with the victims was in retaliation for being rejected by them and not for sexual gratification.

We conclude that Niewohner cannot show prejudice under *Strickland* and therefore, trial counsel was not ineffective. Based on the record before us there is no reasonable probability that the outcome of the case would have been different had trial counsel not focused on Niewohner's intoxication. See *State v. Dubray, supra*. Because trial counsel was not ineffective in raising Niewohner's intoxication as a defense, Niewohner was not prejudiced by appellate counsel's failure to raise the issue. See *State v. Allen*, 301 Neb. 560, 919 N.W.2d 500 (2018). Accordingly, as the records and files affirmatively show that Niewohner is entitled to no relief, no evidentiary hearing was required. The district court did not err in affirming the county court's order dismissing Niewohner's postconviction motion without an evidentiary hearing.

CONCLUSION

For the reasons stated above, we affirm the district court's order.

AFFIRMED.