STATE OF NEBRASKA, APPELLEE, V. JAMES E. SHERROD, APPELLANT.

464 N.W.2d 809

Filed January 25, 1991.   No. 89-1481.

Dennis R. Keefe, Lancaster County Public Defender, and Richard L. Goos for appellant.

Robert M. Spire, Attorney General, and Delores Coe-Barbee for appellee.

HASTINGS, C.J., WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ., and COLWELL, D.J., Retired.

PER CURIAM.

A jury convicted James E. Sherrod of first degree sexual assault, a Class II felony under Neb. Rev. Stat. § 28-319(2) (Reissue 1989), which was Sherrod's second conviction for first degree sexual assault. Pursuant to § 28-319(3), the district court sentenced Sherrod to a term of imprisonment of 25 to 30 years, to be served consecutively to Sherrod's current terms of imprisonment and without eligibility for parole.

Sherrod claims that the evidence is insufficient to sustain his conviction and that the sentence imposed is an abuse of discretion.

> "In determining whether evidence is sufficient to sustain a conviction in a jury trial, the Supreme Court does not resolve conflicts of evidence, pass on credibility of witnesses, evaluate explanations, or reweigh evidence presented to a jury, which are within a jury's province for disposition. A verdict in a criminal case must be sustained if the evidence, viewed and construed most favorably to the State, is sufficient to support that verdict."

*State v. Zitterkopf*, 236 Neb. 743, 746-47, 463 N.W.2d 616, 619 (1990).

> "On a claim of insufficiency of evidence, the Supreme Court will not set aside a guilty verdict in a criminal case where such verdict is supported by relevant evidence. Only where evidence lacks sufficient probative force as a matter of law may the Supreme Court set aside a guilty verdict as unsupported by evidence beyond a reasonable doubt."

*State v. Zitterkopf, supra* at 747, 463 N.W.2d at 620.

We have reviewed the record in Sherrod's case and determine that the evidence is sufficient to sustain Sherrod's conviction for first degree sexual assault, in violation of § 28-319. Also, no plain error is evident from a review of the record in Sherrod's case. An opinion with further reiteration of existing law in Nebraska and a detailed statement of facts underlying Sherrod's conviction would serve no useful purpose and would have no precedential value. Therefore, Sherrod's conviction is affirmed.

Regarding Sherrod's claim that the sentence imposed is excessive, under the circumstances and in view of all the

appropriate information presented in reference to sentencing Sherrod, the district court did not abuse its discretion in the sentence imposed on Sherrod. See *State v. Kitt*, 232 Neb. 237, 440 N.W.2d 234 (1989). Therefore, the sentence imposed on Sherrod is affirmed.

AFFIRMED.