STATE OF NEBRASKA, APPELLEE, V. PETER G. HANGER, APPELLANT.

491 N.W.2d 55

Filed October 30, 1992.    No. S-91-528.

Thomas J. Garvey, Sarpy County Public Defender, and Robert C. Wester for appellant.

Don Stenberg, Attorney General, and Delores Coe-Barbee for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

GRANT, J.

On June 1, 1990, defendant, Peter G. Hanger, was charged by complaint in the county court for Sarpy County with one count of operating a motor vehicle during a period when his operator's license was suspended or revoked. The complaint alleged that he so drove "[o]n or about the 24th day of February, 1990 at or near 84th and Cedardale" in Sarpy County, Nebraska. On December 4, 1990, after trial to the county court, sitting without a jury, defendant was found guilty of the offense of operating a motor vehicle during a period of license suspension. The court sentenced defendant to 60 days in the Sarpy County jail and suspended his operator's license for 1 year.

This order was timely appealed to the district court for Sarpy County, where the order of the county court was affirmed. Defendant has timely appealed to this court, where he assigns a single error: that the trial court erred in finding that the evidence was sufficient to support his conviction. We affirm.

In connection with this case, the State has raised a preliminary contention that must first be disposed of. The State contends that under our holding in *State v. Erlewine*, 234 Neb. 855, 452 N.W.2d 764 (1990), defendant's appeal must be dismissed because defendant, in his appeal to the district court, did not specifically assign the errors he alleges were committed by the county court. In *Erlewine*, we announced a new rule of practice, as follows:

> The Supreme Court, in reviewing decisions of the district court which affirmed, reversed, or modified decisions of the county court, will consider only those errors specifically assigned in the appeal to the district court and again assigned as error in the appeal to the

> Supreme Court. This rule shall be effective so as to apply to all county court decisions appealed to the district court after the filing date of this opinion [March 23, 1990].

*State v. Erlewine*, 234 Neb. at 857, 452 N.W.2d at 767.

In the case before us, the record shows that defendant was sentenced on February 15, 1991. He filed a notice of appeal to the district court on February 22. This notice did not set out any specific assignments of error. On March 13, defendant filed in the district court a "Statement of Errors," which document set out the specific errors that defendant alleged the county court had committed. The district court's order affirming the county court's judgment was entered on April 18, after a hearing on April 12.

The district court, therefore, had before it the specific errors which were the basis of defendant's appeal. Those assigned errors were not in the notice of appeal, but were before the district court "in the appeal." We determine that defendant complied with the rule set out in *State v. Erlewine, supra*, which rule did not provide for a specific date for the filing of the assignments of error in an appeal from a county court to a district court.

It must be noted, however, that the procedure in appeals from a county court to a district court had been changed by court rule. On February 21, 1991, the Supreme Court adopted Neb. Ct. R. of Cty. Cts. 52(I)(G) (rev. 1992), which provides:

> Statement of errors. Within 10 days of filing a notice of appeal, the appellant shall file with the district court a statement of errors, which shall consist of a separate, concise statement of each error a party contends was made by the trial court. Each assignment of error shall be separately numbered and paragraphed. Consideration of the case will be limited to errors assigned and discussed. The district court may, at its option, notice a plain error not assigned. This rule shall not apply to small claims appeals.

That rule, however, while now fully operative, was not controlling on litigants on February 22, 1991, when defendant appealed to the district court in the case before us. Under the circumstances of this case, we determine that defendant's

appeal is properly before us.

In connection with defendant's single assignment of error, the record shows that on February 24, 1990, Cpl. Steven L. Young of the Papillion Police Department was dispatched to the Kwik Shop at 84th and Cedardale Road to respond to a disturbance or suspicious activity. Upon his arrival at 1:47 a.m., Corporal Young made contact with the two persons who had called the police. Based upon the information provided by these individuals, Corporal Young approached an automobile parked in the Kwik Shop parking lot. The car was occupied by defendant. The officer testified that defendant was alone and was in the driver's seat of the automobile and that the keys were in the ignition of the car.

Upon questioning by the officer, defendant admitted that he had operated the vehicle in the store parking lot, but he denied driving on a public road or highway. Defendant told the officer that his girl friend had driven the car to the Kwik Shop and that she would be returning. The officer questioned a woman who was in the store at the time, but she did not know defendant. The officer waited approximately 45 minutes for the girl friend to come back and retrieve the car, but she never arrived. He then left notice with an employee of the store that the girl friend could pick up her keys at the police station. The officer testified that no one had appeared to claim the car by 7 a.m. at either the Kwik Shop or the police station, and the officer ordered the car impounded.

The first of the two lay witnesses at the scene testified that he saw three vehicles pull off Cedardale Road, a public road, into the Kwik Shop parking lot, and he saw that two of the drivers were female and one was a white male. He testified that the male was alone and was driving a burgundy car. This witness was unable to identify defendant in court.

The second witness testified that he saw a car pull off Cedardale Road into the Kwik Shop parking lot and back up to the telephone booth. He saw only one person in the vehicle, a white male. Neither of these witnesses saw any person leave the burgundy car after it entered the parking lot.

Defendant contends that the trial court erred in finding he had operated a motor vehicle on a public street or highway in

violation of his license suspension. This assignment is without merit, since there was sufficient circumstantial evidence from which the trier of fact could find beyond a reasonable doubt that defendant had been driving on a public street or highway while his operator's license was suspended.

The crime with which defendant has been charged is defined by statute, which provides in relevant part:

> Any resident or nonresident whose operator's license or right or privilege to operate a motor vehicle in this state has been suspended or revoked as provided in this act, shall not operate a motor vehicle in this state . . . during such suspension or after such revocation until a new license is obtained . . . .

Neb. Rev. Stat. § 60-418 (Reissue 1988).

In *State v. Jost*, 219 Neb. 162, 166, 361 N.W.2d 526, 530 (1985), we held that "[t]he gravamen . . . or the misconduct prohibited . . . is operation of a motor vehicle . . . on the public highways of the State of Nebraska."

Circumstantial evidence is sufficient to support a conviction if such evidence and the reasonable inferences that may be drawn therefrom establish guilt beyond a reasonable doubt. *State v. Fleck*, 238 Neb. 446, 471 N.W.2d 132 (1991); *State v. Cortis*, 237 Neb. 97, 465 N.W.2d 132 (1991). In particular, circumstantial evidence may serve to establish the operation or actual physical control of a motor vehicle. *State v. Baker*, 224 Neb. 130, 395 N.W.2d 766 (1986); *State v. Eckert*, 186 Neb. 134, 181 N.W.2d 264 (1970).

On a claim of insufficiency of evidence, an appellate court will not set aside a guilty verdict in a criminal case where such verdict is supported by relevant evidence. Only when such evidence lacks sufficient probative force as a matter of law may an appellate court set aside a guilty verdict as unsupported by evidence beyond a reasonable doubt. *State v. Sherrod*, 237 Neb. 114, 464 N.W.2d 809 (1991); *State v. Zitterkopf*, 236 Neb. 743, 463 N.W.2d 616 (1990).

When we take the view of the evidence most favorable to the State, it is clear that there is sufficient evidence to sustain defendant's conviction. There was evidence from which the trier of fact could find that defendant had driven on public

roads or highways while his license was suspended. Two witnesses testified that they saw a while male drive a car from a public road into the Kiwk Shop parking lot. When the officer approached defendant at 1:47 a.m., defendant was the sole occupant of the vehicle, and he was sitting in the driver's seat. Testimony from two witnesses stated that the car was one that had pulled off the public road. Further, although defendant told the officer that his girl friend had driven the car into the parking lot and was coming back, no one came back to the car during the 45 minutes that the officer was present, and no one came to the store or to the police station by 7 a.m.

Evidence of the circumstances in the case before us constitutes sufficient evidence to sustain defendant's conviction. While the officer did not observe defendant's driving, the circumstances under which he observed defendant, the testimony of the witnesses, and other circumstantial evidence make it clear that the trier of fact could find beyond a reasonable doubt that defendant had driven a motor vehicle on a public road while his license was suspended.

Defendant's assignment of error is without merit.

AFFIRMED.