Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
12/16/2022 08:04 AM CST

State of Nebraska, appellee, v.
Benjamin J. Warren, appellant.

___ N.W.2d ___

Filed December 2, 2022.    No. S-21-1003.

1. **Appeal and Error.** Where no timely statement of errors is filed in an appeal from a county court to a district court, appellate review is limited to plain error.

2. **Courts: Appeal and Error.** In cases where no statement of errors was filed, but the record showed that the district court considered an issue that was also assigned to a higher appellate court, the Nebraska Supreme Court or the Court of Appeals may consider that issue.

3. **Effectiveness of Counsel: Appeal and Error.** Appellate review of a claim of ineffective assistance of counsel is a mixed question of law and fact. When reviewing a claim of ineffective assistance of counsel, an appellate court reviews the factual findings of the lower court for clear error. With regard to the questions of counsel's performance or prejudice to the defendant as part of the two-pronged test articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), an appellate court reviews such legal determinations independently of the lower court's decision.

4. **Rules of the Supreme Court: Appeal and Error.** The purpose of Neb. Ct. R. § 6-1518(B) is to specifically direct the attention of the reviewing court to precisely what error was allegedly committed by the lower court and to advise the nonappealing party of what is specifically at issue in the appeal.

5. **Records: Appeal and Error.** The appellant has the duty to present a record supporting the assigned errors.

6. **Effectiveness of Counsel: Proof.** Generally, to prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense.

7. ____: ____. To show prejudice, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different.

Appeal from the District Court for Lancaster County, Ryan S. Post, Judge, on appeal thereto from the County Court for Lancaster County, Matthew L. Acton, Judge. Judgment of District Court affirmed.

Nicholas R. Glasz, of Glasz Law Firm, for appellant.

Douglas J. Peterson, Attorney General, and Austin N. Relph for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Funke, J.

## INTRODUCTION

Following a jury trial in the county court for Lancaster County, Nebraska, Benjamin J. Warren was convicted of disturbing the peace. Warren's counsel timely filed an appeal with the district court for Lancaster County and later filed a bill of exceptions. However, counsel did not file a statement of errors within 10 days of filing the bill of exceptions, as is required by Neb. Ct. R. § 6-1518(B). As a result, the district court reviewed Warren's appeal only for plain error. Finding none, it affirmed the county court's judgment. Warren then filed a motion to reconsider, which the district court denied after considering counsels' arguments and the record as to Warren's beliefs that he is not guilty and would have been found not guilty if his proposed witness had testified at trial. Warren appeals. We affirm.

## BACKGROUND

In 2020, Warren was charged with obstructing a peace officer, disturbing the peace, and second degree criminal trespass. After trial in the matter, Warren was found guilty of disturbing the peace, but not guilty of the remaining charges. At

sentencing, Warren was ordered to pay a $300 fine and was given credit for time served.

Following sentencing, Warren's trial attorney timely filed a notice of appeal with the district court for Lancaster County. A motion for substitute counsel was then sustained by the county court, and a new attorney was appointed to represent Warren. Counsel caused to be filed a bill of exceptions; however, the attorney failed to file a statement of errors within 10 days of filing the bill of exceptions or at any time thereafter.

Warren's appeal came on for hearing before the district court on August 24, 2021, at which time, counsel orally moved to submit the matter to the court on the parties' briefs, which included Warren's initial brief, the State's answer brief, and Warren's reply brief. Warren's counsel indicated Warren's agreement to this, and the court verified Warren's consent. Warren said "[y]es" when the court asked him whether submission on the briefs was "okay."

Several days later, the district court affirmed the judgment and sentence of the county court. Because no statement of errors was timely filed, the district court limited its review to plain error per *State v. Nielsen*.[1] It found none.

Warren subsequently sought reconsideration from the district court, arguing that he was not guilty of disturbing the peace and that he would have been found not guilty if his proposed witness had been called to testify at trial. The motion for reconsideration also stated that although Warren's counsel advised him that testimony by a single witness that his or her peace was disturbed, if believed beyond a reasonable doubt by the jury, would suffice to prove guilt, Warren "believes that this would be considered plain error" under *Nielsen*.

Simultaneous with the request for reconsideration, the second attorney to appear on Warren's behalf moved to withdraw. This motion was granted, and yet another attorney was appointed to represent Warren in the matter.

---

[1] *State v. Nielsen*, 301 Neb. 88, 917 N.W.2d 159 (2018).

At the hearing on the motion to reconsider, Warren argued that, on appeal, he received ineffective assistance of counsel and that he should be allowed to file the statement of errors for the court to reconsider the appeal.

The district court subsequently overruled Warren's motion to reconsider, which it treated as a motion to alter or amend per *DeBose v. State*[2] and related cases. The district court specifically mentioned Warren's beliefs regarding his guilt and his proposed witness' testimony. It indicated that "[o]n each of these points," it "considered the arguments of counsel [and] reviewed the record," but it denied the motion.

Warren appealed to the Nebraska Court of Appeals, and we moved the matter to our docket.

## ASSIGNMENTS OF ERROR

Warren assigns, restated, that (1) the district court erred in limiting its review to plain error and (2) counsel was ineffective in failing to file a statement of errors.

## STANDARD OF REVIEW

[1,2] Where no timely statement of errors is filed in an appeal from a county court to a district court, appellate review is limited to plain error.[3] In cases where no statement of errors was filed, but the record showed that the district court considered an issue that was also assigned to a higher appellate court, the Nebraska Supreme Court or the Court of Appeals may consider that issue.[4]

[3] Appellate review of a claim of ineffective assistance of counsel is a mixed question of law and fact.[5] When reviewing a claim of ineffective assistance of counsel, an appellate court reviews the factual findings of the lower court for clear

---

[2] *DeBose v. State*, 267 Neb. 116, 672 N.W.2d 426 (2003).

[3] *Nielsen, supra* note 1.

[4] *Houser v. American Paving Asphalt*, 299 Neb. 1, 907 N.W.2d 16 (2018).

[5] *State v. Ellis*, 311 Neb. 862, 975 N.W.2d 530 (2022).

error.[6] With regard to the questions of counsel's performance or prejudice to the defendant as part of the two-pronged test articulated in *Strickland v. Washington*,[7] an appellate court reviews such legal determinations independently of the lower court's decision.[8]

## ANALYSIS

### FAILURE TO FILE STATEMENT OF ERRORS

Warren argues that the district court erred by reviewing his appeal only for plain error, instead of reviewing the errors alleged in his briefs. He maintains that the district court should have considered the errors alleged in the briefs, because the court "had the matter submitted on [the] briefs."[9] Warren's arguments, however, are inconsistent with the prior decisions of this court and the record on appeal. As such, they are without merit.

[4] Section 6-1518(B) prescribes that in an appeal from the county court to the district court, the appellant shall file a statement of errors with the district court within 10 days of filing the bill of exceptions. Such statement shall consist of a separate, concise statement of each error allegedly made by the trial court, and each assignment of error shall be separately numbered and paragraphed.[10] This rule is a longstanding one, adopted in 1991,[11] and we have recognized that it serves an important purpose. The purpose of the rule is to specifically direct the attention of the reviewing court to precisely what error was allegedly committed by the lower court and to advise the nonappealing party of what is specifically at issue in the

---

[6] *Id.*

[7] *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

[8] *Ellis, supra* note 5.

[9] Brief for appellant at 7.

[10] § 6-1518(B).

[11] See *State v. Hanger*, 241 Neb. 812, 491 N.W.2d 55 (1992).

appeal.[12] We and the Court of Appeals have repeatedly held that where an appellant fails to comply with this rule, appellate review is limited to plain error under the standard previously noted.[13]

Warren would have us disregard these precedents and find that the district court should have considered the errors alleged in his briefs because the matter was submitted on the briefs. We decline to adopt such an approach given the facts and circumstances of this case. The record shows that Warren moved for the matter to be submitted to the court on briefs. His counsel indicated that he agreed to submission on the briefs, and the court expressly sought and received his consent to proceed in this manner. As the party who moved for submission on the briefs, Warren cannot now rely on the court's acceptance of such submission as the basis for asserting that the court should have considered the arguments in the briefs despite the general rule that review is limited to plain error when an appellant fails to file a statement of errors.

Further, the record shows that the district court actually considered Warren's beliefs about his guilt and his proposed witness' testimony in connection with Warren's motion for reconsideration. The district court limited its review to plain error under the precedents previously cited when it initially affirmed the judgment and sentence of the county court. However, Warren subsequently moved for reconsideration, which the district court treated as a motion to alter or amend.[14] At that point, the district court "considered the arguments of counsel [and] reviewed the record" as to Warren's beliefs that he is not guilty

---

[12] See, e.g., *State v. Griffin*, 270 Neb. 578, 705 N.W.2d 51 (2005); *State v. Zimmerman*, 19 Neb. App. 451, 810 N.W.2d 167 (2012).

[13] See, e.g., *North Star Mut. Ins. Co. v. Stewart*, 311 Neb. 33, 970 N.W.2d 461 (2022); *Griffin, supra* note 12; *Zimmerman, supra* note 12; *State v. Harper*, 19 Neb. App. 93, 800 N.W.2d 683 (2011).

[14] Cf. *State v. Lotter*, 301 Neb. 125, 135, 917 N.W.2d 850, 858 (2018) (motion for reconsideration is "functional equivalent" of motion to alter or amend judgment).

of disturbing the peace and that he would have been found not guilty if his proposed witness testified at trial.

[5] It is not apparent from the record what, if any, other errors Warren's briefs may have assigned as to the county court proceedings. The briefs are not part of the record on appeal. Additionally, he has not provided any indication of other alleged errors as to the county court proceedings beyond his beliefs about his guilt, his proposed witness' testimony, and his conviction based on the testimony of one witness. The appellant has the duty to present a record supporting the assigned errors.[15] Insofar as Warren alleges that the district court erred in not considering other issues raised in the briefs, he failed to provide a record supporting such error.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Warren argues that his "trial counsel" was ineffective in failing to file a statement of errors.[16] He argues that prejudice to his defense should be presumed because he "was effectively denied his due process right to appeal."[17] He maintains that his case is "analogous" to *Garza v. Idaho*[18] and *Roe v. Flores-Ortega*,[19] two decisions in which the U.S. Supreme Court found that prejudice is presumed where counsel fails to file an appeal when requested to do so by the defendant.[20] He similarly maintains that he received the same type of cursory review that the concurring opinion in *State v. Sundquist*[21] suggested may warrant a presumption of prejudice. We disagree.

---

[15] See, e.g., *Despain v. Despain*, 290 Neb. 32, 858 N.W.2d 566 (2015).

[16] Brief for appellant at 7.

[17] *Id*.

[18] *Garza v. Idaho*, ___ U.S. ___, 139 S. Ct. 738, 203 L. Ed. 2d 77 (2019).

[19] *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000).

[20] Brief for appellant at 8.

[21] *State v. Sundquist*, 301 Neb. 1006, 921 N.W.2d 131 (2019) (Cassel, J., concurring; Miller-Lerman, J., joins).

[6] Generally, to prevail on a claim of ineffective assistance of counsel under *Strickland*,[22] the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense.[23] In this case, the State concedes that the failure to file a statement of errors was deficient performance. As such, we, like Warren, focus on the issue of prejudice.

[7] To show prejudice under *Strickland*, the defendant generally must demonstrate a reasonable probability that but for his or her counsel's deficient performance, the result of the proceeding would have been different.[24] However, *Strickland* also recognized that "[in] certain Sixth Amendment contexts, prejudice is presumed."[25] In these contexts, prejudice is "so likely that case-by-case inquiry into prejudice is not worth the cost."[26]

*Strickland* and *United States v. Cronic*,[27] another ineffective assistance of counsel opinion issued the same day as *Strickland*, recognized three such contexts, involving the "actual or constructive denial of the assistance of counsel altogether,"[28] "state interference with counsel's assistance,"[29] and "counsel entirely fail[ing] to subject the prosecution's case to meaningful adversarial testing."[30] Subsequent opinions of the U.S. Supreme Court and this court have also found that a presumption of prejudice is warranted where the defendant is left completely

---

[22] *Strickland, supra* note 7.

[23] *State v. Lessley, ante* p. 316, 978 N.W.2d 620 (2022).

[24] *Id.*

[25] *Strickland, supra* note 7, 466 U.S. at 692.

[26] *Id*.

[27] *United States v. Cronic*, 466 U.S. 648, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984).

[28] *Strickland, supra* note 7, 466 U.S. at 683.

[29] *Id.*, 466 U.S. at 692.

[30] *Cronic, supra* note 27, 466 U.S. at 659.

without representation on appeal and where counsel's failure to file or perfect an appeal requested by the defendant results in the forfeiture of the proceeding itself.[31]

None of the previously recognized contexts are implicated in Warren's case, and his argument that prejudice should nonetheless be presumed because he was "effectively denied his due process right to appeal"[32] is inconsistent with the prior decisions of this and other courts.

For example, in *Flores-Ortega*, the U.S. Supreme Court distinguished "forfeiture of a proceeding itself" from "a judicial proceeding of disputed reliability" when finding that prejudice is presumed where counsel fails to file an appeal requested by the defendant.[33] The Court opined that this was an "unusual" case and that counsel's deficient performance deprived the defendant of "more than a *fair* judicial proceeding; that deficiency deprived [the defendant] of the appellate proceeding altogether."[34] We drew a similar distinction in *State v. Trotter*[35] when finding that prejudice is presumed where counsel's failure to file a proper poverty affidavit resulted in the dismissal of the defendant's appeal. We concluded that the attorney's failure to perfect the appeal "'essentially waive[d] [the defendant's] opportunity to make a case on the merits.'"[36]

Other decisions take a similar approach when discussing deficiencies in counsel's performance that did not result in

_____

[31] *Garza, supra* note 18; *Flores-Ortega, supra* note 19; *Penson v. Ohio*, 488 U.S. 75, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *State v. Trotter*, 259 Neb. 212, 609 N.W.2d 33 (2000).

[32] Brief for appellant at 7.

[33] *Flores-Ortega, supra* note 19, 528 U.S. at 483.

[34] *Id*. See, also, *Penson, supra* note 31, 488 U.S. at 88 ("denial of counsel in this case left petitioner completely without representation during the appellate court's actual decisional process. This is quite different" from case alleging other defects in counsel's performance).

[35] *Trotter, supra* note 31.

[36] *Id*. at 222, 609 N.W.2d at 40.

forfeiture of the proceeding itself. For example, in *Cronic*, the U.S. Supreme Court declined to presume prejudice where an inexperienced attorney, whom the court gave little time to prepare, represented the defendant in a complex mail fraud trial, because these factors "do not demonstrate that counsel failed to function in any meaningful sense as the Government's adversary."[37] Similarly, in *Bell v. Cone*,[38] the U.S. Supreme Court distinguished failure to oppose the prosecution "throughout the sentencing proceeding as a whole" from failure to oppose the prosecution "at specific points" when rejecting a presumption of prejudice where defendant's counsel failed to "'mount some case for life'" at a capital sentencing hearing. The defendant in that case argued that by failing to call witnesses at the hearing and waiving closing arguments, his counsel failed to test the prosecution's case, as contemplated by *Cronic*. The Court disagreed, emphasizing that under *Cronic*, "the attorney's failure must be complete."[39]

The *Bell* Court further explained that "th[e] difference" between a case where prejudice must be proved and one where it is presumed is "not of degree but of kind."[40] Likewise, in *Florida v. Nixon*,[41] the Court opined that the presumption of prejudice represents a "narrow exception" to the general requirement in *Strickland* that prejudice must be proved, which arises "infrequently," when declining to presume prejudice where counsel conceded defendant's guilt without defendant's express consent. The defendant in *Nixon* also argued that counsel's failure was a failure to test the prosecution's case

---

[37] *Cronic, supra* note 27, 466 U.S. at 666.

[38] *Bell v. Cone*, 535 U.S. 685, 696, 697, 122 S. Ct. 1843, 152 L. Ed. 2d 914 (2002).

[39] *Id*., 535 U.S. at 697.

[40] *Id*.

[41] *Florida v. Nixon*, 543 U.S. 175, 190, 125 S. Ct. 551, 160 L. Ed. 2d 565 (2004).

under *Cronic*. However, the Court again rejected this argument, because counsel's failure must be "'complete.'"[42]

Collectively, these cases show why the circumstances alleged by Warren are not tantamount to being denied an appeal. Counsel's failure to file a statement of errors did not result in forfeiture of the appeal, unlike in *Flores-Ortega* and *Trotter*. Nor did it result in a complete failure to test the prosecution's case, like that envisioned in *Cronic*, *Bell*, and *Nixon*. The record shows that counsel filed briefs and a motion for reconsideration on Warren's behalf. It is true that the record does not establish what arguments counsel made in those briefs. However, the record does show that counsel advanced and the district court actually considered Warren's beliefs that he is not guilty and that he would have been found not guilty if his proposed witness had been called at trial.

Warren has not indicated any other assignments of error— beyond his beliefs about his guilt, his proposed witness' testimony, and his conviction based on the testimony of one witness—that he made as to the county court proceedings. However, even assuming that there were other assigned errors, any inability to raise them due to counsel's failure to file a statement of error would constitute a failure to raise particular issues, or to oppose the prosecution on specific points, as in *Bell* and *Nixon*. It would not demonstrate a complete failure under *Cronic*.

Our earlier decision in *State v. Assad*[43] illustrates this point. The defendant in that case also argued that he "'effectively received no direct appeal'" where his appellate counsel initially assigned only errors pertaining to issues that were not preserved for appellate review.[44] We rejected this argument,

---

[42] *Id*. See, also, *Smith v. Robbins*, 528 U.S. 259, 286, 120 S. Ct. 746, 145 L. Ed. 2d 756 (2000) (distinguishing "denial of counsel altogether on appeal" from "mere ineffective assistance of counsel").

[43] *State v. Assad*, 304 Neb. 979, 938 N.W.2d 297 (2020).

[44] *Id*. at 988-89, 938 N.W.2d at 303.

because the substance of his complaint was that counsel raised some issues, and not others, and this type of alleged error is subject to the general requirement in *Strickland* that prejudice be proved, rather than a presumption of prejudice.[45] We see no reason to adopt a different view here.

Warren's argument that his appeal received the same type of cursory review that was of concern to the concurring justices in *Sundquist* is similarly unavailing.[46] The defendant in *Sundquist* also alleged ineffective assistance of counsel based on his counsel's failure to file a statement of errors when appealing a county court criminal case to the district court. However, the record showed that counsel had actually raised the same argument regarding the reoffer of a plea agreement that the defendant advanced on appeal, and the district court considered the merits of this argument, instead of reviewing only for plain error.[47] The concurring justices found these factors significant and suggested that a presumption of prejudice might otherwise be warranted if "counsel files no statement of errors and advances no arguments for reversal, which results in a cursory review by the district court for plain error."[48]

In Warren's case, however, it cannot be said that counsel "advance[d] no arguments for reversal," as contemplated by the *Sundquist* concurrence.[49] As we previously observed, the record on appeal shows that Warren's counsel filed initial and reply briefs, as well as a motion for reconsideration. As such, the facts of this case are not tantamount to the denial of appellate counsel contemplated by the concurrence in *Sundquist*.

---

[45] *Assad, supra* note 43.

[46] See *Sundquist, supra* note 21 (Cassel, J., concurring; Miller-Lerman, J., joins).

[47] *Sundquist, supra* note 21.

[48] *Id*. at 1025, 921 N.W.2d at 146 (Cassel, J., concurring; Miller-Lerman, J., joins).

[49] See *id*.

As to the merits of Warren's claim of ineffective assistance of counsel absent a presumption of prejudice, we note that appellate courts have generally reached ineffective assistance of counsel claims on direct appeal only in those instances where it was clear from the record that such claims were without merit or in the rare case where trial counsel's error was so egregious and resulted in such a high level of prejudice that no tactic or strategy could overcome the effect of the error, which effect was a fundamentally unfair trial.[50] This is not such a case.

## CONCLUSION

Warren's argument that the district court erred by limiting its review to plain error is without merit. As to Warren's argument that trial counsel was ineffective for failing to file a statement of errors, the record is insufficient to reach that argument. Accordingly, the judgment of the district court is affirmed.

Affirmed.

---

[50] *State v. Kipple*, 310 Neb. 654, 968 N.W.2d 613 (2022).