IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. CICHOWSKI

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

JEREMY R. CICHOWSKI, APPELLANT.

Filed December 26, 2023.    No. A-23-256.

Appeal from the District Court for Douglas County: J RUSSELL DERR, Judge, on appeal thereto from the County Court for Douglas County: STEPHANIE R. HANSEN, Judge. Judgment of District Court affirmed.

Sarah M. Mooney, of Mooney Law Office, for appellant.

Kevin J. Slimp, Omaha City Prosecutor, for appellee.

RIEDMANN, BISHOP, and WELCH, Judges.

RIEDMANN, Judge.

INTRODUCTION

Following a bench trial, Jeremy R. Cichowski was found guilty of disorderly conduct. The county court for Douglas County sentenced him to 60 days' imprisonment. On appeal, the district court affirmed the county court's conviction and sentence. Cichowski now appeals his conviction and sentence to this court. Following our review of the record, we affirm the county court's conviction and sentence.

BACKGROUND

Erik Hilton and Jeremy Carnes are both employed by a lawn care and snow removal company. On April 18, 2022, Hilton and Carnes arrived at a client's property, where they work weekly, for "spring cleanup." Spring cleanup meant Hilton and Carnes would blow out the bushes

- 1 -

surrounding the property, clean up sticks and leaves, clean off the sidewalks, and mow. Hilton described the property as an "apartment-type deal" that is "kind of like a duplex." The property shares a sidewalk with another building that Hilton believed to be apartments or another duplex. He estimated they usually spend 25 minutes at this location if they "aren't doing cleanup."

Hilton uses a leaf blower that he wears like a backpack. When he operates the leaf blower, he usually wears headphones to "drown out the blower," so he has difficulty hearing his surroundings. While Hilton used the leaf blower on April 8, 2022, Cichowski interrupted him to ask him how much longer he would be using the leaf blower. After Cichowski interrupted Hilton's work, an altercation ensued between Hilton, Carnes, and Cichowski, and the police were called. After the police interviewed Hilton, Carnes, and Cichowski, officers cited Cichowski for two counts of assault. Cichowski was later charged with one count of disorderly conduct.

*County Court Trial.*

At the beginning of the trial, Cichowski moved to sequester the witnesses. The county court granted the motion and ordered all witnesses sequestered. Specifically, it admonished the witnesses that they were "not allowed to discuss your testimony with anyone until the trial is over."

Both Hilton and Carnes testified at trial to their own recollections of the incident. Hilton recalled arriving at the worksite at 2:45 p.m. Around 3:30 p.m. or 4 p.m., when Hilton was wearing a backpack leaf blower and listening to music, Cichowski approached him to get his attention. When Hilton turned around, he turned his leaf blower off. Cichowski was screaming and yelling at him. Cichowski complained that Hilton was making too much noise and was disturbing his girlfriend, who was inside working. Hilton testified Cichowski then pushed him down into the bushes, spit on him multiple times, and berated him with insults, calling him "every name you can think of in the handbook."

Carnes testified that while his leaf blower was idle, he heard a commotion coming from the other side of the property. He walked around the corner, saw Hilton on the ground, and Cichowski standing over him. Carnes recalled that when he stepped in between Cichowski and Hilton so Hilton could stand up, Cichowski punched Carnes with his right hand and recorded the incident with his phone in his left hand.

Carnes testified that after Cichowski punched him, Cichowski retreated to his home. Cichowski later reemerged recording Hilton and Carnes with a different phone. Hilton testified that Cichowski continued to "belly bump" him after he pushed him into the bushes. Both men testified that Cichowski's actions instilled fear in them, and Carnes testified he "feared for [his] life."

Officer Mark Keele testified he arrived at the scene to investigate a report of an assault. When he arrived at the scene, Cichowski told him that he had an ongoing dispute with the yard crew. Cichowski told Keele that the yard crew was spending an excessive amount of time working on the yard, and it was distracting his girlfriend from her work. Carnes told Keele that Cichowski had punched him, and his teeth hurt, but Keele could not recall if Hilton told him that he was pushed. After he spoke with Hilton, Carnes, and Cichowski, Keele issued Cichowski two citations for assault.

As Cichowski began his testimony, he commented "I can—I can see those guys out there talking in the hallway. . . . It's kind of distracting." His attorney responded, "I'm going to ask that you just focus on the questions we ask, okay?"

Cichowski testified that on the day of the incident, the noise was so excessive that he could not hear the television, and although his girlfriend had not commented on the noise, he believed it was likely bothering her too. He walked outside, with his cellphone recording, and approached Hilton. He testified that he tried using a normal tone of voice with Hilton, but Hilton could not hear him over the leaf blower and headphones.

When Hilton turned around, Cichowski recalled they immediately began arguing. Cichowski told Hilton he was being too loud and was taking too long to blow the leaves. He testified that his voice was raised but attributed it to having to talk over Hilton's leaf blower, which he recalled was on during their argument. He explained that within 15 seconds of Hilton and him arguing, Carnes came around the corner, and hit Cichowski's phone out of his right hand.

Cichowski claimed that after the phone was hit from his hand, he "instinctively went to defend himself" and swung with his left hand to throw a punch. He disputed that he punched Carnes, as he believed he never contacted Carnes with his swing, except for possibly brushing Carnes' face. Cichowski claimed he never touched anyone during the incident.

At the conclusion of the evidence, the county court stated that it "assessed the credibility and demeanor—of all the witnesses, the conduct of all the witnesses, as the trial has gone on." It then found Cichowski guilty of disorderly conduct.

*Sentencing.*

Prior to sentencing, Cichowski filed a motion to strike portions of the presentence investigation report (PSR). Cichowski argued the PSR included inflammatory statements, namely that one victim's impact statement included speculative commentary about Cichowski's medical history and both victims provided sentencing recommendations.

Both Hilton and Carnes submitted victim impact statements. Hilton described the emotional impact of the incident, and how since, he feels like he must watch over his back nonstop and he feels uncomfortable. He suggested in his statement that the county court sentence Cichowski to jail time and emphasized that Cichowski spit on him multiple times, which he believed to be especially dangerous since he did not know if Cichowski had any concerning medical diagnoses. Carnes also suggested that the county court sentence Cichowski to jail time with a year on probation and anger management classes. He wrote the incident "made me scared for my life."

At sentencing, after hearing Cichowski's argument in support of his motion to strike, the county court explained that it would disregard any of the objectionable statements the victims made in their statements. It denied Cichowski's motion, and explained its reasoning:

> Like, I didn't – I – it doesn't have much impact on me because you didn't do anything with the presentence investigation anyway. So, I mean, I see my role as determining am I going to have a punitive-type sentence, or is it going to be a rehabilitative sentence. And when you don't participate, there's not—I don't know what the rehabilitation would be. . . . So, I didn't take into consideration any of . . . the victims' recommendations for sentence, because that's not their province; it's the Court's province.

The county court sentenced Cichowski to 60 days' imprisonment. It found that the victims were credible during trial and noted that the victims appeared afraid of Cichowski. Cichowski refused to participate in the presentence investigation and told the probation officer he would refuse probation because it would interfere with his ability to maintain employment as a trucker. The county court explained that Cichowski was not a suitable candidate for probation because there was no information in the PSR that could suggest how to rehabilitate Cichowski, Cichowski had a lengthy criminal history, and he refused to participate in probation. It also found that a lesser sentence would depreciate the gravity of his offense and promote disrespect for the law. Cichowski appealed his conviction and sentence to the district court.

*District Court Appeal.*

Cichowski failed to file a statement of errors within 10 days after filing the bill of exceptions. In his brief, he failed to include an assignments of error section as well. Cichowski raised five arguments on appeal to the district court: (1) his trial counsel was ineffective; (2) the county court abused its discretion by denying Cichowski's motion to strike the PSR and order the probation office to conduct a new one without the prejudicial statements in the PSR; (3) the county court's sentence was excessive; (4) the county court abused its discretion by failing to address "those guys" talking in the hallway during trial; and (5) there was insufficient evidence to convict Cichowski.

The district court affirmed Cichowski's conviction and sentence. It stated its review was limited to plain error because Cichowski failed to file a statement of errors. It noted that Cichowski raised many ineffective assistance of counsel claims, but only one was preserved for postconviction. It found Cichowski's argument about prejudicial comments in the PSR to be without merit because the county court explicitly stated it would not take them into consideration. The district court held that there was sufficient evidence to convict Cichowski. Finally, it found that the county court did not abuse its discretion in sentencing Cichowski to 60 days' imprisonment. Cichowski now appeals to this court.

## ASSIGNMENTS OF ERROR

Cichowski assigns four errors. Reordered and restated, he assigns (1) the district court erred by failing to address his argument that the county court plainly erred by not acknowledging a possible violation of the sequestration order; (2) the county court erred by failing to grant his motion to strike portions of the PSR and order the probation office to conduct a new PSR, (3) his sentence was excessive, and (4) his trial counsel was ineffective.

## STANDARD OF REVIEW

An appellate court may find plain error on appeal when an error unasserted or complained of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right, and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process. *State v. Childs*, 309 Neb. 427, 960 N.W.2d 585 (2021). Plain error should be resorted to only in those rare instances where it is warranted, and it is warranted only when a miscarriage of justice would otherwise occur. *Id*. Plain error is not a vehicle that should be routinely used to save an issue for appeal where a proper objection should have been, but was not, made at trial. *Id*.

ANALYSIS

As a preliminary issue, our review, like that of the district court, is limited to plain error review. See *North Star Mut. Ins. Co. v. Stewart*, 311 Neb. 33, 970 N.W.2d 461 (2022) (in appeals where district court reviewed for plain error, a higher appellate court likewise reviews for plain error only). As noted by the district court, Cichowski never filed a statement of errors, thus limiting the district court's review to plain error. Consequently, our review is also limited to plan error review. See *State v. Warren*, 312 Neb. 991, 982 N.W.2d 207 (2022).

*Sequestration Order.*

Although Cichowski assigns as error the district court's failure to address his claim that the county court erred in failing to address a possible violation of the sequestration order, he argues only the county court's failure to address the possible violation. Because we are conducting only a plain error review, we will review the county court's actions for plain error.

Cichowski contends that the county court had a duty to control its courtroom by clarifying on the record whether Cichowski identified a violation of the sequestration order when he noted "those guys" were speaking in the hallway during his testimony. Brief for appellant at 10. He concludes "it's very plausible and reasonable" that "those guys" were Hilton and Carnes. *Id.*

Our review of the record does not reveal any plain error. To establish reversible error due to a violation of a sequestration order, the defendant must make a showing of prejudice. *State v. DeGroot*, 230 Neb. 101, 430 N.W.2d 290 (1988). It is for the trial court to determine the extent to which a sequestration order will be applied in a given case. *State v. Trail*, 312 Neb. 843, 981 N.W.2d 269 (2022). Here, the judge admonished the witnesses that they were not to discuss their testimony with anyone until the trial was over.

Cichowski claims that it was plain error for the county court not to address a potential violation of the sequestration order after he remarked there were people in the hallway talking. He accurately observes that the district court did not address this argument in its opinion. However, Cichowski has failed to allege any prejudice. He argues that "it is very plausible and reasonable to argue that . . . Cichowski is stating that . . . Hilton and . . . Barnes are talking to each other while the trial is still going on," but he makes no assertion that they were discussing trial testimony. Brief for appellant at 11. Even assuming that "those guys" were Hilton and Carnes, the sequestration order prevented discussion only regarding trial testimony. Cichowski fails to allege that was the substance of their conversation or that their discussion prejudiced him. Absent any showing of prejudice, we cannot find plain error that prejudicially affects one of Cichowski's substantial rights. See *State v. Childs*, 309 Neb. 427, 960 N.W.2d 585 (2021).

*Motion to Strike.*

Cichowski argues that the county court erred when it denied his motion to strike portions of the PSR. He contends that the PSR contained inflammatory and prejudicial comments made by the victims in their victim impact statements, so the county court should have ordered a new PSR without the victims' statements.

Cichowski argues that because the county court stated the victim's statements did not have "'much impact' instead of stating that they had 'zero impact' or 'no impact,'" then it abused its discretion by relying on such statements. Brief for appellant at 16. But this argument

mischaracterizes the county court's entire explanation for why it denied Cichowski's motion to strike. It stated:

> Like, I didn't – I – it doesn't have much impact on me because you didn't do anything with the presentence investigation anyway. . . . So, you know, it would just be arguing . . . inappropriateness of – of just a basic sentence. So, I didn't take into consideration any of . . . the victims' recommendations for sentence, because that's not their province; it's the Court's province.

Because the county court expressly stated it did not take into consideration the victims' recommendations for sentencing, it did not commit plain error in overruling the motion to strike. See also *State v. Bjorklund*, 258 Neb. 432, 604 N.W.2d 169 (2000), *abrogated on other grounds, State v. Mata*, 275 Neb. 1, 745 N.W.2d 229 (2008) (acknowledging presumption that judge is assumed to disregard impermissible statements).

*Excessive Sentence.*

Cichowski claims his sentence is excessive. He argues that the county court abused its discretion by considering Cichowski's refusal to participate in the presentence investigation and it did not properly consider the sentencing factors.

Cichowski was convicted of disorderly conduct under the Omaha Municipal Code. There is no minimum term of imprisonment, and the maximum term of imprisonment is 6 months, a $500 fine, or both. He was sentenced to 60 days' incarceration; thus, his sentence falls within the sentencing guidelines. Generally, when a sentence is within the sentencing guidelines, we review for an abuse of discretion. See *State v. Blake*, 310 Neb. 769, 969 N.W.2d 399 (2022). However, because Cichowski failed to file his statement of errors, we now review the county court's sentence for plain error. See *State v. Warren, supra*.

When imposing a sentence, a sentencing judge should customarily consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *State v. Blake, supra*. The sentencing court is not required to articulate on the record that it has considered each sentencing factor or make specific findings as to the facts pertaining to the factors or weight given to them. *State v. Greer*, 309 Neb. 667, 962 N.W.2d 217 (2021). The sentencing court is not limited to any mathematically applied set of factors, but the appropriateness of the sentence is necessarily a subjective judgment that includes the sentencing judge's observations of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*.

Cichowski was 42 years old at the time of sentencing. He has his high school diploma and at the time of trial, was working as a truck driver. Cichowski has a lengthy criminal record dating back to 1996, which includes convictions for criminal mischief, disorderly conduct, and possession of a controlled substance. But in the last 10 years leading up to his trial, he has been convicted of only traffic violations and disorderly conduct.

Cichowski refused to participate in the presentence investigation, so there is no information to deduce his motivation for his crime. The PSR does indicate that Cichowski has had issues with

Hilton for the past 2 years. Cichowski told the probation office he refused to participate in the presentence investigation because he "was planning to appeal the case and feels it will be dismissed in the end." He refused to complete either of the mental health questionnaires or answer any questions, so it is also difficult to determine his mentality. He told the probation office that he would refuse any sentence of probation.

Cichowski was convicted of disorderly conduct. The county court found Cichowski guilty after assessing "the credibility and demeanor . . . of all the witnesses, [and] the conduct of the witnesses" throughout the duration of the trial. At sentencing, it stated that it found the victims credible and told Cichowski "it was very clear that they're afraid of you and that you scared them." The county court also noted that Cichowski laughed at Carnes while Carnes was testifying. Overall, the county court did not commit plain error by sentencing Cichowski to 60 days' imprisonment.

*Ineffective Assistance of Counsel.*

On appeal to the district court, Cichowski was represented by counsel different from his trial counsel. Therefore, he was required to raise on appeal any allegations of ineffective assistance of trial counsel. See *State v. Painter*, 224 Neb. 905, 402 N.W.2d 677 (1987). As noted previously, Cichowski failed to submit a statement of errors to the district court identifying how trial counsel was ineffective. Although our record contains Cichowski's appellate brief to the district court, he failed to set forth any assignments of error. Pursuant to *State v. Mrza*, 302 Neb. 931, 935, 926 N.W.2d 79, 86 (2019), the district court was not required to "scour the remainder of the brief in search of" Cichowski's claims of alleged deficient performance. However, it addressed each claim of ineffective assistance of counsel Cichowski argued in his brief and found that only one, trial counsel's failure to preserve a possible violation of the sequestration order, was preserved.

On appeal to this court, Cichowski failed to specifically assign how trial counsel was ineffective, nor do we have the benefit of a statement of errors setting forth these claims. Pursuant to *Mrza*, we decline to scour Cichowski's brief in search of his specific claims that counsel was ineffective. Cichowski's ineffective assistance of counsel claim is not sufficiently assigned for appellate review by this court.

CONCLUSION

Finding no plain error, we affirm Cichowski's conviction and sentence for disorderly conduct.

AFFIRMED.

- 7 -