Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
01/17/2025 09:15 AM CST

Phillip Peterson and Jodi Peterson, appellees,
v. Brandon Coverdell Construction, Inc.,
doing business as 402 Roofing
and Siding, appellant.

___ N.W.3d ___

Filed January 17, 2025.    No. S-23-879.

1. **Courts: Appeal and Error.** In an appeal from the county court general
   civil docket, the district court acts as an intermediate appellate court and
   not as a trial court.
2. \_\_\_\_: \_\_\_\_. Both the district court and a higher appellate court generally
   review appeals from the county court for error appearing on the record.
3. **Judgments: Appeal and Error.** When reviewing a judgment for errors
   appearing on the record, an appellate court's inquiry is whether the deci-
   sion conforms to the law, is supported by competent evidence, and is
   neither arbitrary, capricious, nor unreasonable.
4. **Courts: Appeal and Error.** In cases where no statement of errors was
   filed and the district court reviewed for plain error, the higher appellate
   court likewise reviews for plain error only.

Appeal from the District Court for Douglas County, Duane
C. Dougherty, Judge, on appeal thereto from the County Court
for Douglas County, Sheryl L. Lohaus, Judge. Judgment of
District Court reversed and remanded with directions.

Natalie M. Hein and Damien J. Wright, of Welch Law Firm,
P.C., for appellant.

Robert F. Peterson and Kathleen M. Foster, of Peterson &
Foster Law, for appellees.

Funke, C.J., Miller-Lerman, Cassel, Stacy, Papik, and Freudenberg, JJ.

Papik, J.

Phillip and Jodi Peterson hired Brandon Coverdell Construction, Inc. (BCC), to perform work on their home. A dispute followed, and the parties sued each other in the county court. The Petersons and BCC accused each other of breaching the parties' written agreement. After a trial, the county court entered judgment in favor of BCC, finding that the Petersons committed the first material breach. The Petersons appealed to the district court. There, they failed to file a statement of errors and then obtained a continuance to return to the county court to seek amendment of the bill of exceptions. When the district court eventually decided the appeal, it found the county court plainly erred by entering judgment in favor of BCC. According to the district court, the written agreement both parties relied upon was an unenforceable illusory contract. BCC now appeals to us. We find that the county court did not commit plain error and therefore reverse the district court's order and remand the cause to the district court with instructions to affirm the county court's judgment.

BACKGROUND

*County Court.*

After a hailstorm, the Petersons hired BCC to replace the roof, gutters, and downspouts on their home. The parties entered into a written agreement.

Based on that agreement, BCC performed work on the Petersons' house. But neither party was satisfied. The Petersons were unhappy with the quality of BCC's work. BCC was unhappy that the Petersons made only partial payment. Litigation ensued when the Petersons filed suit against BCC in the county court. The Petersons alleged that BCC had breached the agreement by failing to perform work related to the Petersons' roof in a workmanlike manner.

BCC responded by filing counterclaims alleging that it was the Petersons who had breached the contract. BCC alleged that it performed in a workmanlike manner and that the Petersons had breached the contract by failing to pay the entire amount owed, and it requested damages for the remaining amount. BCC also sought recovery for the value of its services under equitable principles of quantum meruit and unjust enrichment.

The Petersons attached a document to their operative complaint and alleged that the document was a copy of the parties' agreement. BCC's answer admitted that the document was a true and correct copy of the agreement. The agreement included language stating that it was "subject to" the Petersons' insurance claim "being covered for payment." It also stated: "This agreement does not obligate [the Petersons] or [BCC] in any way unless payment for damages is approved by the [insurance] company and accepted by [BCC]."

At a bench trial, the county court heard testimony and received exhibits. It ruled in favor of BCC on its breach of contract claim and awarded BCC damages. The county court found that the Petersons committed the first material breach. The county court's written order did not expressly address whether the contract was enforceable and did not identify enforceability as an issue raised by the parties.

The Petersons filed a motion to alter or amend the county court's judgment or, in the alternative, for a new trial. Along with that motion, the Petersons completed a form requesting a typewritten transcription of the "[f]ull [h]earing," but they did not check a box on the form to request exhibits. At a hearing on their motion, the Petersons offered the verbatim transcript of the trial into evidence but not the exhibits. The Petersons' counsel argued at the hearing that BCC breached the parties' agreement but did not argue that the contract was unenforceable. The county court overruled the Petersons' motion. The Petersons appealed to the district court.

*District Court.*

The Petersons' appeal to the district court was not procedurally seamless. First, the Petersons failed to file a statement of errors, as required by Neb. Ct. R. § 6-1518(B) (rev. 2022). In addition, the Petersons' praecipe for bill of exceptions requested testimony, evidence, and exhibits offered at the hearing on their posttrial motion to alter or amend or for new trial, but it failed to request evidence offered at trial.

The district court scheduled a hearing for the appeal. The day before the scheduled appeal hearing, the Petersons filed a motion to continue in the district court, alleging that "all of the exhibits offered and received during the trial of this matter were not included with the original Bill of Exceptions."

The district court granted the motion to continue to allow the Petersons to seek leave of the county court to amend the bill of exceptions. Back in the county court, the Petersons filed a motion to allow amendment of the bill of exceptions to include the exhibits offered and received at trial; the motion stated that the request was consistent with Neb. Ct. R. § 6-1452(B)(9) (rev. 2022) and with the consent of the district court. Subsequently, a supplemental bill of exceptions was created and filed with the district court. No county court order approving amendment of the bill of exceptions was attached to the supplemental bill of exceptions, and nothing in the record suggests that the county court held a hearing on the Petersons' motion. Among other exhibits, the supplemental bill of exceptions included the parties' written agreement.

BCC filed a motion to strike the supplemental bill of exceptions on the grounds that the procedure by which it was obtained was not compliant with § 6-1452. At the appeal hearing, the district court overruled the motion to strike. In response to the Petersons' offer, the district court also received as exhibits both the original bill of exceptions and the supplemental bill of exceptions. It then proceeded with the appeal hearing. The Petersons' counsel again argued that BCC committed a material breach of contract and again did not argue that the contract was unenforceable.

Following the appeal hearing, the district court entered a written decision. Because there was no statement of errors, the district court reviewed the matter for plain error. Even so, the district court reversed the judgment the county court had entered in favor of BCC. The district court determined that the county court committed plain error in finding there was an enforceable contract. Citing the language in the parties' agreement quoted above, the district court concluded that the agreement was "dependent on the wish, will, or pleasure of BCC" and was thus illusory and unenforceable. The district court remanded the cause to the county court for further consideration of BCC's equitable claims. BCC then filed this appeal. We moved the case to our docket.

## ASSIGNMENTS OF ERROR

BCC assigns a number of errors, which we paraphrase as follows: The district court erred (1) by considering material in the supplemental bill of exceptions and (2) by reversing the county court's judgment on the grounds of plain error.

## STANDARD OF REVIEW

[1-3] In an appeal from the county court general civil docket, the district court acts as an intermediate appellate court and not as a trial court. *Scalise v. Davis*, 312 Neb. 518, 980 N.W.2d 27 (2022). Both the district court and a higher appellate court generally review appeals from the county court for error appearing on the record. *Id.* When reviewing a judgment for errors appearing on the record, an appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id.*

[4] In cases where no statement of errors was filed and the district court reviewed for plain error, the higher appellate court likewise reviews for plain error only. *TransCanada Keystone Pipeline v. Tanderup*, 305 Neb. 493, 941 N.W.2d 145 (2020).

## ANALYSIS

*Bill of Exceptions.*

BCC first takes issue with the evidence considered by the district court. BCC contends that the Petersons failed to comply with § 6-1452 in seeking the supplemental bill of exceptions and that the district court therefore should not have considered material in the supplemental bill of exceptions when it conducted its plain error review.

Both before the district court and at oral argument, the Petersons contended that they obtained the supplemental bill of exceptions in accordance with § 6-1452(B)(9) by amending the original bill of exceptions filed with the district court. Section 6-1452(B)(9) provides, in part:

> The parties in the case may amend the bill of exceptions by written agreement at any time prior to the time the case is submitted to the district court. . . . Proposed amendments not agreed to by all the parties to the case shall be heard and decided by the county court after such notice as the court shall direct. The order of the county court thereon shall be included with the bill of exceptions prior to the time the case is submitted to the district court. Hearings with respect to proposed amendments to a bill of exceptions may be held at chambers anywhere in the state.

BCC is correct that the Petersons did not follow the procedure for amendments to the bill of exceptions set forth in § 6-1452(B)(9). The parties did not agree to the proposed amendments. Under those circumstances, § 6-1452(B)(9) directs that, upon notice to the parties, the county court shall conduct a hearing and decide the matter, with the resulting order to be included with the bill of exceptions. The record before us, however, reflects no such hearing and no such order. Because of the failure to comply with § 6-1452(B)(9), the supplemental bill of exceptions was not properly a part of the record on appeal, and the district court erred by considering it.

In addition to the failure to comply with § 6-1452(B)(9), we note that the Petersons and the district court failed to account for another rule governing appeals from the county court to the district court. The Petersons offered both the original and supplemental bills of exceptions as exhibits in the district court. This was unnecessary. Under § 6-1518(A) (rev. 2024), the bill of exceptions is to be "transmitted electronically from the county court to the district court and filed in the district court" and "shall be considered by the district court without being offered and received in evidence."

*Plain Error Review.*

This leaves the district court's reversal of the county court's judgment based on plain error. BCC challenges this finding on several grounds. As we will explain, we conclude that the district court erred in finding that the judgment in favor of BCC was plain error.

BCC first asserts that the district court's finding of plain error should be reversed because it was based on language in the parties' written agreement, which appeared in the supplemental bill of exceptions. BCC is correct that the district court cited the supplemental bill of exceptions when discussing language from the parties' written agreement. But while we agree that materials in the supplemental bill of exceptions were not properly before the district court, the terms of the parties' written agreement were also admitted via the pleadings. As discussed above, the Petersons attached a copy of the written agreement to their operative complaint and BCC admitted it was a true and correct copy of the agreement. BCC's admission thus waived the need for any evidence as to the terms of the parties' agreement. See, e.g., *Anderson v. Cumpston*, 258 Neb. 891, 606 N.W.2d 817 (2000) (admissions in pleadings are judicial, waive all controversy concerning matter omitted, and are substitute for evidence).

BCC also argues, however, that even if the language of the parties' agreement is considered, the county court's

decision does not rise to the level of plain error. Here, we agree with BCC.

The controlling version of § 6-1518(B) (rev. 2022), effective when the Petersons appealed from the county court to the district court, provided:

> [After] filing the bill of exceptions in an appeal to the district court, the appellant shall file with the district court a statement of errors which shall consist of a separate, concise statement of each error a party contends was made by the trial court. Each assignment of error shall be separately numbered and paragraphed. Consideration of the cause will be limited to errors assigned, provided that the district court may, at its option, notice plain error not assigned.

See, also, § 6-1518(B) (rev. 2024) (current version of rule providing that statement of errors shall be filed within 20 days of filing of bill of exceptions).

The rule requiring the filing of a statement of errors in an appeal from county court to district court is longstanding. See *State v. Hanger*, 241 Neb. 812, 491 N.W.2d 55 (1992). We have recognized that it serves important functions for the benefit of both nonappealing parties and the system as a whole. See *State v. Warren*, 312 Neb. 991, 982 N.W.2d 207 (2022). Under the rule, nonappealing parties learn exactly what is at issue in an appeal so that they can craft a response. See *id.* The rule also directs the reviewing court's attention to precisely what error was allegedly committed by the lower court. See *id.*

Not only does § 6-1518(B) require the filing of a statement of errors, it imposes a consequence if such a statement is not filed—limited appellate review. The rule provides that "[c]onsideration of the cause [is] limited to errors assigned, provided that the district court may, at its option, notice plain error not assigned." § 6-1518(B) (rev. 2022 & 2024).

Just as the rule requiring a statement of errors serves important purposes, so too does the consequence for not filing

such a statement. We recently explored the purposes served by plain error review in another context in which appellate review is limited to plain error as a consequence of a party's failure to comply with a requirement. In that case, *State v. Horne*, 315 Neb. 766, 1 N.W.3d 457 (2024), the requirement at issue was the obligation to object to a perceived error in the trial court. We explained that in that context, limiting appellate review provides an incentive for parties to make objections at trial while, at the same time, the "limited discretion to recognize plain error . . . serves as a backstop to potential injustice." *Id.* at 774-75, 1 N.W.3d at 464. The rule limiting review to plain error when a party fails to file a statement of errors in an appeal to the district court strikes the same balance.

But if the limited review imposed by § 6-1518(B) is to serve as a meaningful incentive for parties to file a statement of errors, the review must be truly limited. And so it is. Not every error that occurs constitutes plain error. See, e.g., *State v. McMillen*, 931 N.W.2d 725 (S.D. 2019). Instead, plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process. See, e.g., *Steffy v. Steffy*, 287 Neb. 529, 843 N.W.2d 655 (2014). We have said that courts should find plain error "only in those rare instances where it is warranted," as opposed to invoking it "routinely." *State v. McSwine*, 292 Neb. 565, 582, 583, 873 N.W.2d 405, 418 (2016). Generally, we will find plain error only when a miscarriage of justice would otherwise occur. *State v. Senteney*, 307 Neb. 702, 950 N.W.2d 585 (2020).

With these considerations in mind, we turn to the district court's finding of plain error in this case. The district court found that the language in the parties' written agreement—the language stating that neither party was obligated unless payment was approved by the Petersons' insurance company and accepted by BCC—rendered the agreement illusory and unenforceable under our decision in *Valley Boys v.*

*American Family Ins. Co.*, 306 Neb. 928, 947 N.W.2d 856 (2020). BCC asserts that case is distinguishable and, citing a Texas Supreme Court case, see *Vanegas v. American Energy Services*, 302 S.W.3d 299 (Tex. 2009), contends that even if the parties' agreement was not enforceable when initially reached, it became enforceable after BCC performed under the contract. It is not necessary, however, for us to resolve the parties' arguments regarding the enforceability of the contract to determine whether the county court committed plain error.

As mentioned above, in order for a court to find plain error, the error not only must be plainly evident from the record, it also must be of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process. In this case, not only did the Petersons make no argument to the county court that the parties' written agreement was unenforceable, they attempted to rely on the same contract by asserting that BCC was liable for breaching it. The county court appears to have accepted that neither party challenged the enforceability of the contract and focused its analysis on an issue the parties actually disputed at trial, i.e., who committed the first material breach. Because we cannot say that the county court's decision to decide the case based on the issues presented by the parties would result in damage to the integrity, reputation, or fairness of the judicial process, we find no plain error.

## CONCLUSION

Because we find no plain error by the county court, we reverse the district court's order and remand the cause to the district court with directions to enter an order affirming the county court's judgment.

Reversed and remanded with directions.